### RICH MURPHY v. THE STATE.

*No. 443.   Decided May 5.*

1. **Perjury.**—On a trial for perjury alleged to have been committed at an examining trial in a theft case, it is no ground of defense that defendant's motion for continuance had been overruled and that he had been tried and convicted in said theft case, where it appeared that he had had ample time to prepare for his trial in the perjury case.

2. **Same—Ex-Convict.**—An ex-convict may be prosecuted and convicted for perjury committed by him as a witness in his own behalf. Following Williams v. The State, 28 Texas Crim. App., 302, and Shannon v. The State, 28 Texas Crim. App., 474.

APPEAL from the District Court of Nacogdoches. Tried below before Hon. JAMES T. POLLEY.

This appeal is from a conviction for perjury alleged to have been committed by appellant, as a witness in an examining trial in his own behalf, in a proceeding wherein he was charged with theft of one head of cattle. The punishment assessed was six years' imprisonment in the penitentiary.

Among other defenses, it was claimed that defendant could not be prosecuted and convicted for said crime, because at the time he testified at said examining trial he (defendant) was an incompetent witness, because of the fact that he was an ex-convict who had served a term in the penitentiary.

Nor further statement is necessary.

No brief found with the record.

*R. L. Henry*, Assistant Attorney-General, for the State.

SIMKINS, JUDGE.—This is a conviction for perjury committed in an examining court in which appellant was charged with theft of cattle, and his punishment assessed at six years, from which he appeals.

1. Appellant claims that this cause should be reversed, because the court overruled his motion for a continuance in cause number 2809, in which appellant was tried and convicted of theft of cattle, because appellant was forced to trial without his witnesses, and his conviction prejudiced his rights in this case. We are unable to see the relevancy of this objection. There is no complaint in the case at bar that appellant did not have full time for preparing his defense.

2. Appellant further contends, that he was an ex-convict at the time he made the statement in the examining court upon which the perjury is assigned; that at the time he so testified he had been convicted of a felony, to wit, an assault with intent to murder, and had served a term in the penitentiary, and was disqualified from testifying, and therefore could not commit the crime of perjury. There is nothing in this contention. In the first place, it does not appear from the evidence or any bill of exceptions that the defendant was an ex-convict; yet, conceding it to be true, he had the right to testify in his own behalf, and, if he swore falsely, could be indicted and convicted therefor. Williams' case, 28 Texas Crim. App., 302; Shannon's case, 28 Texas Crim. App., 474.

The judgment is affirmed.

*Affirmed.*

Judges all present and concurring.