### JACK FLYNN v. THE STATE.

*No. 1103. Decided November 20th, 1895.*

**1. Disorderly House—Ownership—Liability of Agent.**

Where the indictment, for permitting the keeping of a disorderly house, alleged ownership in the accused, and the proof showed him to be the agent of the owner, and that he had the management and control of the house, which he rented with full knowledge that it would be kept as a disorderly house. Held: The ownership was properly alleged in him, and he was liable as an owner. Distinguishing, Mitchell v. State, 34 Tex. Crim. Rep., 311.

**2. Special Instructions.**

It is not error to refuse special requested instructions contained in the charge given by the court.

APPEAL from the County Court of Lamar. Tried below before Hon. J. C. HUNT, County Judge.

This is an appeal from a conviction for permitting the keeping of a disorderly house in a building owned by defendant, the punishment being assessed at a fine of $200.

The opinion states the case.

[No briefs for either party have come to the hands of the Reporter.]

*Mann Trice*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—The appellant was convicted of the offense of permitting a disorderly house to be kept in a building of which he was the owner. There is but one question in this case necessary to be considered. It appears from the statement of facts, that one Frank Graham owned the house; the appellant was his agent, having the management and control of the house; that he rented said house to one Minnie Clark, the mistress of a bawdy-house, with full knowledge that it would be kept as a disorderly house and for the purposes of prostitution. The indictment alleges that appellant was the owner of said house. Does the proof support this allegation? Our statute (Article 426, Code Crim. Proc.) provides that "where one person owns the property, and another person has the possession, charge or control of the same, the ownership thereof may be alleged to be in either." In this case, appellant had charge and control of the house, and, for the purposes of this prosecution, he was the owner thereof. The

proof sustains the allegation of ownership. This case is to be distinguished from that of Mitchell v. State, 34 Tex. Crim. Rep., 311. In that case, Mitchell contended that she was neither owner, lessee, nor tenant, but simply a servant in and about the house. We held, if but a servant, she would not be guilty, and reaffirm the principle there announced. The proposition embodied in the refused instruction requested by appellant, was contained in the charges given by the court. It was, therefore, not error to refuse this requested instruction. The evidence amply supports the verdict, and the judgment is accordingly affirmed.

*Affirmed.*