## Roy Criner v. The State.

### No. 4290. Decided March 11, 1908.

**1.—Burglary—Accomplice—Corroboration.**

Where upon trial for burglary the testimony of the accomplice was corroborated to the extent that defendant was seen near the burglarized house; that he was found in recent possession of a ring taken from the burglarized house, and which he tried to pawn; that he was connected with other stolen articles taken from said house; that he must have had guilty knowledge of and participated in the alleged offense, etc., the verdict will not be disturbed on appeal.

**2.—Same—Charge of Court—Accomplice—Corroboration.**

Where upon trial for burglary the charge of the court upon accomplice testimony instructed the jury that a conviction could not be had upon the testimony of an accomplice even though fully believed to be true, this limitation must be held to apply to the entire charge on this subject, and was not a charge on the weight of the testimony.

**3.—Same—Charge of Court—Weight of Evidence.**

Upon trial for burglary where the evidence showed that the defendant was near the scene of the burglary, and afterwards received from a codefendant some of the stolen goods, the court correctly charged that if said codefendant broke into the house without the presence of the defendant, and afterwards gave to him some of the property taken from the house, defendant could not be convicted even if he knew that his codefendant had stolen the property, and to acquit the defendant if he was not present at the time of the commission of the offense.

Appeal from the District Court of Navarro. Tried below before the Hon. L. B. Cobb.

Appeal from a conviction of burglary; penalty twelve years imprisonment in the penitentiary.

The opinion states the case.

*Jack & Jack,* for appellant.—On question of corroborating testimony of accomplice: Birch v. State, 30 Texas Ct. Rep., 350; Hall v. State, 106 S. W. Rep., 379; Wright v. State, 47 Texas Crim. Rep., 433; 84 S. W. Rep., 593; Harper v. State, 11 Texas Crim. App., 1; Renner v. State, 65 S. W. Rep., 1102; Jenkins v. State, 57 S. W. Rep., 810.

*F. J. McCord,* Assistant Attorney-General, for the State.

RAMSEY, Judge.—The appellant in this case was indicted in the District Court of Navarro County, for the offense of burglary, and was found guilty and his punishment assessed at twelve years confinement in the penitentiary.

A number of questions are raised on the appeal, but the only one of

serious importance is the contention strongly made and ably presented, that the verdict of the jury is unsupported by the evidence, in that there is not in the testimony sufficient corroboration of the accomplice Oscar Jennings. The parties are both negroes. It seems that Oscar Jennings and appellant were friends, having both been inmates of the State penitentiary at the same time. Jennings testifies, in substance, that on the Sunday evening before Billy Kersands' Show was in Corsicana (which was admitted to be on Monday, October 28, 1907), he, in company with appellant, Henry Allen and Edwin Winn and another negro, all left Corsicana and walked to the pipe line camp, some four or five miles northwest of Corsicana, on the T. & B. V. R. R. where they gambled nearly all the evening. That later Henry Allen and Edwin Winn left the camp and came back to Corsicana; that he and appellant went to the village of Emhouse, where they arrived at night; that when they arrived at Emhouse, he told appellant he was going into Morris Bros'. store, and that they went on to the back end of the store, and appellant stood some six or eight feet from the window, while he (Jennings) went in. That he made a forcible entry into the house, and obtained therefrom $5.25, in money, and certain articles of jewelry described by one of the owners (T. O. Morris) and of the value of $130; that when he suggested to appellant they would break into the store, he said "all right," and they both went on to the store in question; that they came back to Corsicana on the train and they put the things stolen under the house of one Nath Hall; that the next day, Monday, they went to Nath Hall's house and appellant borrowed a towel from Cynthia Hall, and that they then took the things which they had stolen from Morris Bros'. store and went down on Post Oak creek near Corsicana; that that afternoon, he, Jennings, went with appellant to Golden's store, in east Corsicana, and appellant tried to sell or pawn one of the stolen rings to a boy in this store. He states on cross-examination, that he did not tell appellant to watch, and there was no agreement that he should do so, and that he can not say whether he did watch or not; that he gave appellant some of the things next day after the burglary; that he gave him one ring to keep and one to soak and was going to give him some money when he sold the things; that he did not consider appellant had any right to the property except what he gave him. It was shown by the witness Golden that on the day of Billy Kersands' show, October 28th, 1907, appellant and another negro came to his father's store in east Corsicana, and that appellant wanted to pawn a ring with him for some money; that it was a plain gold ring. This witness did not identify Jennings as being with appellant, nor was there any identification of the ring as being one of the rings taken from Morris Bros'. store, nor was there any other identification or description of it except that it was a plain gold ring. Cynthia Hall testified that she was a cousin of appellant and that on Monday after the night in question, appellant and Jennings both came to her father's house and appellant asked for a towel and said they were going to the

creek to play cards and that about two hours afterwards, they came back and appellant turned her towel over to her. She further testified she saw appellant on Saturday night before he was arrested on Monday; that at this time Oscar Jennings had already been arrested and was then in jail, and that at this meeting she told appellant that Jennings had left some things at "our house," and that she wished he would take them to him, and appellant asked what things, and she told him, rings, watch-chains, etc., and appellant then said "let them alone and he would come and take them to Ferris"; and in that conversation he also told her not to tell that he was with Jennings on that night, and that if he, appellant, should be arrested, for her to swear that she saw him at the skating rink in Corsicana on the night of the burglary. · The rings, etc., referred to by this witness were by her turned over to her father, Nath Hall, and by him carried to Policeman Nutt, and afterwards identified by Morris Bros. as being among the articles stolen from their store. Henry Allen and Edwin Winn both testified, in substance, that they went with appellant and Oscar Jennings, to the pipe-line camp on Sunday, October 27th, 1907, and that when they left to return to Corsicana, that Jennings and appellant remained, and appellant said, "If we don't walk back, we'll stay and come in on the T. & B. V." The pipe-line camp was a mile or two south of Emhouse where the burglarized store was situated. Dr. Worsham testified that he was the first person to discover the burglary, and this discovery was made early Monday morning; that a pane of glass had been removed from the back window, and that there were two different sets of tracks near the window, which was broken. There was no identification, however, of these tracks being those made by appellant, or for that matter made by a person wearing the same size shoe.

We have set out the testimony at this considerable length and have stated practically the testimony tending to connect appellant with the burglary. The rule is, of course, well settled, that before a conviction can be had upon the testimony of an accomplice that there must be other proof tending to connect the person charged with the commission of the offense. Just how strong in every case, this corroborating testimony shall be must depend to a large extent upon the facts of each particular case. We believe that while not strong, that it could not in fairness be said that there was no corroborating testimony, or that it was so weak, indefinite or immaterial as to justify us in holding, in view of the verdict of the jury, that it was wholly lacking. In this case it was shown that there was a burglary. The witness, Jennings, is corroborated as to the fact that a pane of glass was broken out; he is corroborated in the fact that the tracks of two persons were seen about the place; he is corroborated in the fact that the appellant is shown to have been at or near the house burglarized; he is corroborated in the fact that appellant borrowed a towel from Cynthia Hall; that he tried to pawn a ring at the store of Golden; he is corroborated in the fact soon after Jennings' arrest a number of articles of jewelry

were found in Cynthia Hall's possession, left there by Jennings for him, and some guilty knowledge and participation must be imputed to him on account of his prompt and immediate insistence before arrest that if he be arrested, for her to testify that he was at the skating rink on the night in question. So that in view of all the facts, we do not feel at liberty to set aside the finding of the jury, particularly in view of the fact that this finding of the jury has received the sanction of the learned trial judge.

It is claimed that the charge of the court is erroneous in respect to the accomplice's testimony. On this question the court charged the jury: "A conviction cannot be had upon the testimony of an accomplice *even though fully believed to be true* and fully proving guilt, unless corroborated by other evidence tending to connect the defendant with the offense committed, and the corroboration is not sufficient if it merely shows the commission of the offense. An accomplice, as the word is here used, means any one connected with the crime committed, either as principle offender, as an accomplice, as an accessory, or otherwise. It includes all persons who are connected with the crime by unlawful act or omission on their part, transpiring either before, at the time, or after the commission of the offense, and whether or not he was present and participated in the commission of the crime. If the offense was committed, Oscar Jennings was an accomplice, and if Cynthia Hall knew the goods left at her house had been stolen and concealed the same, then she was an accomplice, and in such case her testimony cannot be received as in any wise corroborating that of Jennings, but you will wholly disregard her testimony. If you find that she was not an accomplice, you will take her evidence for what you may deem it worth. If the testimony of Jennings is not corroborated by other evidence tending to show that defendant was at the store and agreed to the entry therein, you must acquit." The last paragraph quoted is complained of for the reason, as claimed, that it is a charge upon the weight of the evidence, assumes that the testimony of the accomplice, Jennings, is true and in effect tells the jury that if they find that the accomplice is corroborated they must convict. Taken as a whole, the charge is not subject to this criticism. It must be construed together. In the first paragraph, touching the matter of accomplices' testimony, the jury are instructed that a conviction cannot be had upon the testimony of an accomplice, *even though fully believed to be true,* and this limitation must be, in all fairness, held to apply to the entire charge on this subject. Again, complaint is made of the following portion of the court's charge:

"Unless you are satisfied by the evidence beyond reasonable doubt that the defendant did not so obtain goods, if he had them, and that he was present at the entry into the house, and agreed to the act, you will acquit." This is objected to because it is claimed that it is a charge upon the weight of the evidence and assumes the testimony of the witness, Jennings, is true and puts the burden of proof upon appellant,

and was therefore, prejudicial to him. The answer to this objection is, that it singles out a half-sentence, and the latter portion of a clause of the court's charge, and does not give even a sentence of the court's charge in its entirety. The whole sentence is as follows: "If Jennings broke the house without the presence of defendant, and afterwards gave to the defendant some of the property taken from the house, defendant cannot be convicted even if he knew that Jennings had stolen the property, and unless you are satisfied by the evidence beyond a reasonable doubt that defendant did not so obtain the goods, if he had them, and that he was present at the entry into the house and agreed to the act, you will acquit." We do not believe that this chage is either confusing or inaccurate. We have carefully reviewed the entire record in the light of appellant's brief, aided by an oral argument, and while it cannot be said that the proof of corroboration is strong, we are not prepared to hold that it is so manifestly insufficient as to justify us in reversing the judgment. It is therefore ordered that the judgment of the court below be and the same is hereby in all things affirmed.

*Affirmed.*