A. J. Franklin v. The State.

No. 3831.   Decided April 29, 1908.

1.—Burglary—Charge of Court—Other Crimes.

Where upon trial for burglary, defendant was not represented by counsel and much irrelevant testimony was admitted, and some of which showed unconnected and unrelated crimes to the case on trial, it was reversible error to charge the jury that they were to consider such testimony solely for the purpose of showing system.

2.—Same—Defendant as a Witness—Credibility of Witness.

Where upon trial for burglary defendant became a witness in his own behalf, it was admissible on cross-examination to show that he had been convicted of a felony, but such testimony could not be considered as affecting his guilt, but only his credibility.

3.—Same—Accomplice—Corroboration.

Where upon trial for burglary the conviction rested on the unsupported testimony of two accomplices, which testimony was in nowise corroborated, the same could not be sustained.

Appeal from the Criminal District Court of Galveston.   Tried below before the Hon. J. K. P. Gillaspie.

Appeal from a conviction of burglary; penalty, ten years imprisonment in the penitentiary.

The opinion states the case.

R. H. & Alice S. Tiernan, for appellant.—On question of uncorroborated testimony of accomplice:   Hall v. State, 106 S. W. Rep., 379; Richard v. State, 90 S. W. Rep., 1017; Coleman v. State, 44 Texas, 109; Heath v. State, 7 Texas Crim. App., 464.   On question of other offenses:   Williamson v. State, 30 Texas Crim. App., 330.

F. J. McCord, Assistant Attorney-General, for the State.

RAMSEY, Judge.—Appellant was convicted in the Criminal District Court of Galveston County on a charge of burglary and his punishment assessed at confinement in the State penitentiary for a period of ten years.   The record shows that he was not defended by counsel in the court below.   There was much testimony introduced and included in the statement of facts which on objection should have been and doubtless would have been excluded.   It appears from the evidence that appellant had some years before served a term in the State penitentiary.   It also appears that about the date of the commission of the burglary with which he is charged, he was suspected and charged with the theft of a watch and was deported by the officers in Galveston as a dangerous character and sent to New York where he was subsequently arrested.   The statement of facts contains many references to him as an exceedingly dangerous man and a menace to society, and if we

are to believe the record he is a dangerous man and a menace to society, and the peace officers were well within the due performance of their duty in encouraging if not in enforcing his departure from that city.

On the trial of the case the court gave the following instruction: "Other offenses committed by the defendant are in evidence before you and were admitted solely for the purpose of, or not, showing system on the part of the defendant and of, or not, affecting his credibility as a witness and you will not consider the same for any other purpose." In his motion for a new trial, filed by counsel this charge is criticized and complained of in that same is on the weight of the evidence and prejudicial to the defendant, and because the court assumes said evidence to be true. It should be here stated that none of the other offenses referred to by the witnesses were connected with or in aid of the charge of burglary in this case, nor did they have, so far as the record shows, any relation thereto, nor were they acts of preparation for or in aid of the charge of burglary which, so far as the record shows, was an offense complete in itself and of itself and wholly unrelated to the other matters about which the witnesses testified. The appellant became a witness in his own behalf and proof of his conviction of a felony, an act which implied moral turpitude, was admissible as affecting his credibility, but it was not admissible for any other purpose and the charge of the court, which in effect, instructed the jury that same might be considered as showing system, was in substance to justify them in using this testimony to convict the defendant of an offense committed five years or more earlier. In other words, we believe the jury were justified under this charge in considering the former conviction as some proof that the defendant was a guilty man, a professional burglar, and therefore, probably guilty of the particular offense charged in the indictment against him in this case. We do not believe the jury should have been so instructed and we can understand how it might and probably was construed by the jury to be some warrant to hold him guilty in this case.

2. Complaint is earnestly made that the verdict of the jury is unsupported by the testimony in that there is no corroboration in the record of the testimony of the two accomplices, Manzapanni and Delahunty. We think this contention should be sustained. Those two witnesses, both of whom were in fact as in law accomplices, show appellant to have been connected with and guilty of the burglary charged, but except to prove that there had been a burglary and to show that the goods stolen were found at the place as shown by the testimony of the witnesses named above, there was absolutely no evidence in the record directly, or otherwise, connecting appellant with the crime charged. The appellant is a negro. If the record is to be believed, he is a most abandoned and vicious negro. He may be guilty but his guilt is not established by evidence admissible and sufficient under the laws of this State, as they now are and time out of mind, have been. For the error of the charge of the court and for the reason that the testimony of the accomplices has

not been corroborated, the judgment of the court below is reversed and the cause remanded.

*Reversed and remanded.*

Brooks, Judge, absent.