# OCTOBER, 1910.

### L. C. BEESON v. THE STATE.

No. 138. Decided June 22, 1910.

Motion for Rehearing Withdrawn October 5, 1910.

**1.—Seduction—Charge of Court—Accomplice Testimony—Corroboration.**

Where, upon trial of seduction, the court after defining accomplice testimony instructed the jury further that the corroborative evidence need not be direct and positive, independent of that of the accomplice (the prosecutrix), but that such facts and circumstances as tend to support her testimony and which satisfied the jury that she is worthy of credit, as to the facts essential to the offense of seduction, as before defined, would fulfill the requirements of the law as to corroboration, there was no reversible error, although the refused requested charge on this issue was more terse than that of the court. See opinion for an elaborate discussion on the law of corroboration of accomplice testimony.

**2.—Same—Sufficiency of the Evidence—Corroboration.**

Where, upon trial of seduction, the prosecutrix' testimony was corroborated both as to the engagement or promise to marry and intercourse by proof of such association and circumstances as are usually incident to marriage engagements, the same was sufficient corroboration of the accomplice testimony to support a conviction.

**3.—Same—Evidence—Contradicting Witness—Letters.**

Upon trial of seduction there was no error in permitting the State to show that the testimony of the defendant's witness was inconsistent with the language and acts of said witness made out of court, by the introduction of certain excerpts of a letter which said witness had written to the prosecutrix, and which did not refer to the defendant's engagement to marry prosecutrix; said testimony having been properly limited by the court's charge.

**4.—Same—Charge of Court—Subsequent Misconduct of Prosecutrix.**

Upon trial of seduction there was no merit in the criticism of the defendant of the charge of the court to the effect that if defendant seduced prosecutrix he could not escape punishment by proving her subsequent misconduct.

**5.—Same—Evidence—Rebuttal—Practice in District Court—Discretion of Court.**

Upon trial of seduction there was no error in admitting testimony of the use of ergot by prosecutrix on defendant's prescription; and this whether such testimony was in rebuttal, or was originally offered after the defendant had closed his testimony, and an abuse of discretion of the court will not be presumed.

**6.—Same—Argument of Counsel—Refused Charge.**

Where, upon trial of seduction, the reference of State's counsel as to whoremongers, referred to the witnesses, and was in response to defendant counsel's argument, there was no error in refusing a requested instruction to withdraw State counsel's argument.

**7.—Same—Argument of Counsel—Propriety of Argument.**

A criminal case will not be reversed for mere breaches of propriety in the argument of State's counsel, when there is nothing shown to indicate injury.

**8.—Same—Argument of Counsel—Reprimand.**

Where, upon trial of seduction, the court refused to reprimand the State's counsel for using certain language in his argument in response to that of defendant's counsel, there was no reversible error.

**9.—Same—Evidence—Defendant's Declaration.**

Upon trial of seduction there was no error in admitting testimony with reference to defendant's declaration relative to his engagement to the prosecutrix.

**10.—Same—Evidence—Leading Questions—Bill of Exceptions.**

Where, upon appeal from a conviction of seduction, it did not appear from the bill of exceptions that the prosecutrix had already answered the question which was put in a leading form as to whether she would have yielded if the defendant had not promised to marry her, there was no error.

**11.—Same—Charge of Court—Burden of Proof.**

Where, upon trial of seduction, the charge of the court submitted the questions of reasonable doubt and presumption of innocence, and instructed the jury that the prosecutrix must be shown to have been a virgin and chaste at the time of the alleged seduction, there was no error in the court's refusal to charge the jury that the burden of proof rests on the State and never shifts; the testimony in the case not being wholly circumstantial.

**12.—Same—Sufficiency of the Evidence.**

Where, upon trial of seduction, the conviction was sustained by the evidence, the same will not be disturbed.

Appeal from the District Court of Hall. Tried below before the Honorable S. P. Huff.

Appeal from a conviction of seduction; penalty, three years imprisonment in the penitentiary.

The opinion states the case.

*Fires, Decker & Diggs,* and *H. E. Deaver,* and *M. J. Hathaway,* for appellant.—On the question of the presumption of innocence and the presumption of chastity: Simmons v. State, 54 Texas Crim. Rep., 619; 114 S. W. Rep., 841.

On the question of the court's failure to charge that the burden of proof was on the State: Walton v. State, 75 S. W. Rep., 1.

On the question of the insufficiency of corroboration and the insufficiency of the evidence: Creighton v. State, 51 S. W. Rep., 910; Gorzell v. State, 43 Texas Crim. Rep., 82; 63 S. W. Rep., 126; Spenrath v. State, 48 S. W. Rep., 192; Fine v. State, 45 Texas Crim. Rep., 290; 77 S. W. Rep., 806; Snodgrass v. State, 31 S. W. Rep., 366; McCullar v. State, 36 Texas Crim. Rep., 213; 36 S. W. Rep., 585; Simmons v. State, 54 Texas Crim. Rep., 619; 114 S. W. Rep., 841.

On the question of the court's charge on accomplice testimony: Taylor v. State, 106 S. W. Rep., 366; Wisdom v. State, 45 Texas Crim. Rep., 215; 75 S. W. Rep., 22; Maples v. State, 56 Texas Crim. Rep., 99; 119 S. W. Rep., 105; Oates v. State, 51 Texas Crim. Rep., 449; 103 S. W. Rep., 859; Barrett v. State, 115 S. W. Rep., 1187; Newman v. State, 55 Texas Crim. Rep., 273; 116 S. W. Rep., 577; Tate v. State, 55 Texas Crim. Rep., 397; 116 S. W. Rep., 607.

On question of argument of State's counsel: Parkes v. State, 35 Texas Crim. Rep., 378; 33 S. W. Rep. 872.

On question of court's refusal of defendant's special charges on burden of proof: Horn v. State, 30 Texas Crim. Rep., 541; 17 S. W. Rep., 1094; Phillips v. State, 26 Texas Crim. App., 228; Walton v. State, 75 S. W. Rep., 1.

*John A. Mobley,* Assistant Attorney-General, for the State.

COBB, SPECIAL JUDGE.—Appellant was convicted of seduction and has appealed. The facts developed on trial and objections and exceptions urged and taken are fully indicated in the treatment of the case to follow.

1. The court charged upon accomplice testimony, as follows: "You are further instructed that under the law and facts of this case, prosecutrix, Miss Edna Blackshear is an accomplice; and before the State can secure a conviction it must corroborate her testimony by evidence other than her own tending to prove a promise of marriage made to her by defendant, by which he seduced and had carnal knowledge of her. And also as to carnal intercourse between defendant and the prosecutrix. In other words a conviction can not be had upon her evidence alone, if any she gave as to such seduction and carnal knowledge by virtue of a promise of marriage to her by defendant; but there must be other evidence than her own tending to show such carnal knowledge and seduction by a promise of marriage. And if you find that she has testified to such facts, yet if there are

no other facts or testimony tending to corroborate her in said particulars you should acquit the defendant.

"You are, however, instructed that corroborative evidence need not be direct and positive, independent of the prosecutrix, Miss Edna Blackshear's testimony; but such facts and circumstances as tend to support her testimony and which satisfy the jury that she is worthy of credit as to the facts essential to constitute the offense of seduction, as herein before defined to you, will fulfill the requirements of the law as to corroboration. It is for you to say from all the facts and circumstances in evidence before you whether she has been sufficiently corroborated."

Appellant complains that the last paragraph beginning with "You are, however, instructed," is upon the weight of evidence. He asked an instruction in these words:

"In this case you are instructed that the witness Edna Blackshear is an accomplice and you can not convict the defendant on her testimony alone. I charge you therefore as the law that the testimony of the said witness Edna Blackshear that she submitted to carnal intercourse with defendant is not sufficient to convict defendant, unless you shall find her evidence is true ·from other evidence in corroboration of such statements both as to promise of marriage on the part of defendant, and as to the act of copulation, and if such statements are not so, corroborated, then you will acquit defendant."

What are the differences between the charges given and asked? Defendant says if the accomplice testimony is not shown by other evidence to be true there must be acquittal and by implication, if her testimony be shown true, there must be conviction. The court says, if it is shown by other evidence tending to support her testimony that she is worthy of credit in her testimony which by hypothesis covers the facts of the crime she is sufficiently corroborated. We think the court is as accurate though not as terse as counsel. We do not take him as complaining because the court says the corroborative evidence may be circumstantial, but of the words "such facts as tend to support her testimony and which satisfy the jury that she is worthy of credit as to the facts essential to constitute the offense, will fulfill the requirements of the law as to corroboration," and as contending that in thus informing the jury what character and quantity of proof would amount to the required corroboration, the judge trenched upon the jury's province of weighing and appraising the value of evidence, and in effect took from them the right to determine whether she told the truth, and submitted to them instead the question of her worthiness to be believed in what she testified. There is a clear distinction between that which is true and that which is merely credible. The statute says nothing of the accomplice save that her testimony is not enough to convict standing unsupported. The charge held erroneous has followed, usually, the very words of the statute which this court holds calculated to impress jurors that the judge takes the testimony

of the accomplice as true and sufficient to convict if but relieved of its impotency by other evidence tending to prove the crime and defendant's connection therewith.   Bell v. State, 39 Texas Crim. Rep., 677.   Where guilt by implication is predicated on both corroboration and the truth of the accomplice testimony covering all the facts making the crime, the charge is not open to the imputation.   Any charge that requires belief in the existence of all the constituent facts as well as corroboration would be sufficient.   We see no reason why an instruction dealing alone with corroboration, omitting mention of the measure or kind of proof requisite to conviction, should be deemed erroneous, simply because in defining corroboration and telling the jury how and by what means it may be established the court neglects to use the formula prescribed in appellant's request.   Two things are needed besides the full testimony of the accomplice, first, belief in its truth, second, corroboration.   Is it error to say that evidence, direct or circumstantial, that tends to prove the offense and defendant's complicity and also makes it appear that the accomplice testimony is worthy of credence, is sufficient corroboration?   Is not that more than the statute prescribes?   The statute seems to regard proof from other sources tending to prove offense and defendant's connection as sufficient corroboration.   Why impose on the State the further burden of making the jury believe by or through the corroborating testimony *alone* that the accomplice tells the truth or is worthy to be believed?   Is it not rather the intent of the statute that when other evidence tends to show the crime and defendant's complicity, the disabled or discredited accomplice witness is thereby placed in the same position with other witnesses?   It does not say accomplice shall not be believed unless corroborated, but that corroboration is requisite to conviction.   Corroboration being furnished, what is to prevent conviction if the jury give credence to her testimony.   The entire charge relating to accomplice testimony should be read and so construed as that one part shall not nullify or conflict with another if it can so be done reasonably. The test of corroboration would then be as if the court had said, "It is for you to say whether she has been sufficiently corroborated, whether there is proof from other sources tending to prove the defendant committed the crime."   It may be insisted that the court in telling the jury that it was sufficient corroboration if facts or circumstances tended to support her testimony and satisfied them she was worthy of credit, limits the jury to the consideration of whether she was worthy of credit and not whether there were shown by other witnesses such facts as had a tendency to show defendant guilty.   If the charge bears that construction, it is erroneous, though perhaps not upon the ground of being on the weight of evidence, but of substituting a test other than the statutory test for determining the matter of corroboration. The accomplice is not corroborated by proof that she is worthy of credit in general or of good repute.   Wisdom v. State, 45 Texas Crim. Rep., 215; 75 S. W. Rep., 22.   The statute does not contemplate any

kind of proof about or concerning her, but proof about the defendant and the crime. Some fact or circumstance, not coming from her, must attach to him and connect him with the crime testified of by her. He and not the accomplice is on trial. She—rather her testimony—must be corroborated. He must be connected with the offense by the same testimony that corroborates her, as to him to make out guilt; but as to her, as a witness, the corroboration proves nothing. It removes the impotency of her testimony and permits a conviction if the jury believe her testimony and she has covered all the facts, not because there is corroboration merely but also that corroboration has removed the bar between the jury's belief of her testimony and their conclusion and verdict of guilt. The statute forbids, not belief in her testimony, but action thereon. Now the very substance of the instruction is, "if she has testified to the essential facts of the crime and there is other evidence tending to support her *testimony* (not her credibility merely; she having testified to all the facts, must not the other evidence in tending to support her testimony, inevitably tend to prove the facts of guilt?) and that satisfies the jury her testimony is worthy of credit, the corroboration is sufficient." How can the other evidence tend to support her testimony showing guilt and not to show guilt? Is it then the sense of the statute that corroboration is sufficient if it go no further than to satisfy the jury her testimony of the facts of guilt is worthy of belief, there being other evidence tending to support her testimony. The court says: "She is an accomplice, and before conviction her testimony must be corroborated by other evidence tending to prove a promise of marriage by which defendant seduced her and had carnal knowledge of her. Conviction cannot be had on her testimony of such facts alone; there must be other evidence tending to show such facts, and if there be no such other evidence you will acquit, but the corroborative evidence may be circumstantive and need not be direct, and if the circumstances tend to support her said testimony and *satisfy* you she is worthy of credit in said testimony, the corroboration is sufficient. You judge from the evidence whether there is sufficient corroboration." If the jury judge from all the evidence that there is corroboration they must of necessity find that testimony other than hers tends to connect defendant with the crime, and since her testimony embraces all the facts that the other evidence relates to, at least some of the facts, and if the other evidence satisfies the jury she is worthy of belief in her testimony, it must so satisfy them because they believe her testimony is true. But as we have seen the corroborating evidence is not required to convince the jury, for here as everywhere the jury determine the credibility and weight of testimony. If, however, it be supposed the jury doubt her testimony uncorroborated, and upon testimony from other witnesses of facts *tending to connect* defendant, etc., become satisfied her testimony is true, surely the *connecting* and corroborating testimony *are one*. Her testimony need not be corroborated in every

particular.  1 Am. & Eng. Ency. L. & Prac. p. 583; Myers y. State,
7 Texas Crim. App., 640.  If the charge be understood as meaning
not only that the corroborative testimony must *tend* to *connect* defend-
ant with the *crime* but also so tend to the extent that renders her
testimony credible, there could be no objection to it.  In Wright v.
State, 31 Texas Crim. Rep., 354; 20 S. W. Rep., 736, an instruction
"Corroborative evidence need not be direct or positive or such as is
sufficient to convict independent of that of the prosecutrix, but *simply*
such facts or circumstances as tend to support her testimony and
shall satisfy the jury she is *worthy* of *credit,* and when there is other
testimony fairly tending to support the prosecutrix upon facts essential
to constitute the offense, it is for the jury to say whether she is
corroborated," was approved.  How does the charge here compare
with that?  They are in substance the same.  Is the test of sufficiency
correct, viz.: that the other evidence tend to support her testimony
and satisfy the jury she is worthy of credit as to the facts of the
crime, correct?  If she has testified to the facts of the crime and there
are facts and circumstances proved by other witnesses, tending to
support her testimony, and that satisfy the jury she is worthy to
be believed as to the facts of the crime (the very facts she has testi-
fied to) is not the other evidence (that shall so tend to support her
testimony) and which satisfies the jury that she is worthy of credit
as to the facts of the crime, equal to and in fact the same as the
evidence that tends to show the crime and defendant's complicity?
Would it not be trifling with reason to pretend that the jury would
suppose the court referred to anything else than the concrete case and
the facts before them when he is thus dealing with the matter of
corroboration?  The Wisdom case goes no further than to condemn
as erroneous the use of the words "but simply such facts or circum-
stances as tend to support her testimony and satisfy you that she is
worthy of credit."  The opinion justifies itself by this apt reasoning:
"Evidence might be introduced convincing the jury of the credibility
of the witness, yet this would not corroborate her statement in such
a way as tends to *connect appellant* with the commission of the crime.
For instance, suppose testimony is introduced showing that prosecutrix
has borne a uniformly good reputation for truth and veracity, clearly
this would strengthen the credit of the witness, but would not warrant
the jury in saying the same corroborated her testimony."  The court
was *not* dealing with any matter save that of her credibility in the
abstract.  In the instant case the jury are to determine whether accom-
plice's testimony, as to the *essential* facts of the crime, is by the cor-
roboration derived from other testimony tending to show defendant's
connection with the crime, made credible.  The Wisdom opinion, in
our judgment, should not be extended.  The Taylor case, 106 S. W.
Rep., 366, was reversed upon a charge much the same as in the Wis-
dom case and consideration thereof would be of no profit.  In Oates
v. State, 51 Texas Crim. Rep., 449; 103 S. W. Rep., 859, the charge

was held bad because the jury were required to find no more than that the accomplice evidence was true and that *it tended* to prove guilt; and so with Newman v. State, 55 Texas Crim. Rep., 273; 116 S. W. Rep., 577, and Tate v. State, 55 Texas Crim. Rep., 397; 116 S. W. Rep., 607, and Barrett v. State, 115 S. W. Rep., 1187, and Maibaum v. State, 59 Texas Crim. Rep., 396; 128 S. W. Rep., 378.

2. Appellant attacks the verdict, claiming that the evidence shows no corroboration of the accomplice as to promise of marriage or intercourse, nor her previous chastity. The testimony is voluminous and abounds in much repetition, and the cross-examination of the prosecutrix exhibits great ingenuity, diligence and ability. To set out the evidence would serve no purpose. Suffice it to say if her evidence is true, she was about 18 years of age, an unmarried virgin when she met defendant in February, 1907. He soon began attendance on her and in April, 1907, they made an engagement to marry, after which she accepted no other man's company, except occasionally, he having requested her not to do so and told her he had or would quit going with other girls. Defendant continued to often visit and attend her till December. About June 1, 1907, he had carnal intercourse with her by means of his promise to marry, without which she would not have yielded. Frequent acts followed and she bore a child about September 1, 1908, as the result. She never had intercourse with any other. She admits numerous prior engagements to marry, and it seems was not always off with the old love before being on with the new. Says one of her suitors kissed her, without her consent; denies a vast number of acts of indiscretion and worse, implied in cross-examination which went into all but infinite detail covering her life from her 15th year till the time of the trial. The defendant's witnesses testified to a state of facts which, if true, show her to have been no virgin when she first met defendant, and a most abandoned creature at the time she testified in the case. One Bob Elliott goes into detail and circumstances such as lend strong probability to his assertion that he often dealt with her person. His cross-examination by the State occasions one of the serious questions in this record. The prosecutrix's testimony was corroborated both as to engagement or promise to marry and intercourse by proof of such association as is usually incident to marriage engagements, of their examination of catalogues of household furnishings, of his remarks about soon having a woman in his house, and quitting the ways of bachelors, and to a justice of the peace indicating he would soon need his services in joining him in matrimony, and that during all such time appellant was going with no other woman, and by proof that he, being a physician, gave her a prescription that other doctors testified was calculated to produce abortion, when he had been told by her father of the stoppage of her menstruation, as he (her father) supposed by a cold, and other circumstances. The cases of Morrow v. State, 26 S. W. Rep., 395; Ceasar v. State, 29 S. W. Rep., 785, and Criner v. State,

53 Texas Crim. Rep., 174; 109 S. W. Rep., 128, all recognize that circumstances no more cogent than these may be sufficient corroboration of an accomplice. The jury having all the witnesses before them, observing their manner and all those impalpable incidents of trial that cannot go into a record, and being not presumed to have put the worse construction when the better was probable, we do not feel justified to hold the testimony insufficient.

3. Was there error in admitting excerpts from Bob Elliott's letter to her? Elliott was defendant's star witness. The State had the right to show any word or act of his that was in such sense inconsistent with his testimony as to throw doubt upon it. If he treated her as a person fit to be seen in his company in a public assembly of ladies and gentlemen, including his own female relatives, and wrote to her such a letter as indicated his wish to go and be with her at such places, the State had the right to show the letter in evidence, though its force for impeachment might be small. One part of the letter objected to is: "I don't know whether to write like I was writing to my girl or to a doctor's wife." It is claimed that this is as if he had said she was engaged to marry the defendant, or that writer of letter had so heard. Suppose it does mean that? Appellant had, without objection, allowed other witnesses to testify that prosecutrix spoke to them of her engagement to defendant and we do not think upon fair consideration of all the evidence that fact is in question. True, it might have been more clearly proved, but there is no evidence denying any that was offered to prove it. The other portion of the letter objected to was Bob's proposal to prosecutrix to attend her to a dance couched in these words: "On the 4th July we are going to have a big time—build a platform to dance on, and if you will come, we will sure have a time. I know the doctor will bring you and if he won't I know who will, if you will just say so." Do these words in the remotest way refer to an engagement to marry? It is a notorious fact that the doctor was going with her almost to the exclusion of all others, as had been proved before this letter was offered. If any part of these extracts be objectionable, the defendant failed to ask its exclusion without including in the request other parts that could not by any ingenuity be made to refer to defendant. "I don't know whether to write like I was writing to my girl," and "On the 4th July we are going to have a big time, build a platform to dance on and if you will come we will sure have a time," are so far complete expressions as to have gone to the jury without the other words, and have conveyed the impression the State sought to make. We think the opinion or surmise of Bob Elliott that Dr. Beeson, defendant, was engaged to marry Edna Blackshear, the prosecutrix, could have had little, if any effect, with the jury in judging of the credibility of his testimony. Since appellant did not sever the parts of the extracts that were objectionable from those that were, and the court so carefully instructed the jury as to the only use they could make of the

evidence objected to, we will not disturb the verdict and judgment below for the error, if there be error, in admitting the excerpts from Elliott's letter. If the proof of the engagement to marry was so meager as to make it probable, the jury disobeyed the imperative command of the judge and used these excerpts as proof of the engagement, it might be urged with plausibility that the evidence damaged appellant's cause.

4. We see no merit in the criticism of the instruction to the effect that if defendant seduced her he could not escape by proving her subsequent misconduct. One cogent reason for protecting the virtuous young female from the wiles of the seducer is the extreme likelihood that once corrupted there is no more place for repentence and reformation, but that the dreadful fate of the outcast and lost and undone awaits her, who, but for the treachery of him she loved, might be a happy and honored wife. The jury could not have inferred from the charge that her subsequent behavior was not to be considered in testing her credibility as a witness. Counsel says: "Jury may have found her chaste and yet have found, if they had been permitted to consider the evidence as to subsequent acts, that her statements as to such acts were not true." Concede this, it only strengthens the position of the court. If they found her previously chaste and subsequently unchaste, to the utmost, the court but did his duty to the State in guarding the jury from the error of finding against the State, because of the bad character of its witness or doubt of her truthfulness in immaterial matters while fully believing her as to all material matters. The State, no less than the defendant, was entitled to a fair trial, and having made its case conformably to law, ought not to have been defeated by some misapprehension of the jury as to the proper use of evidence.

5. The court committed no error in admitting the evidence of the use of ergot by prosecutrix on appellant's prescription, whether the evidence was in rebuttal or was original, offered after defendant had closed. We understand that a plaintiff does not have to introduce all his testimony before resting, but may reserve that which could properly be used in chief until he shall see wherein and to what extent his adversary has weakened his case, and then fortify as he may deem necessary. At any rate the statute—Art. 690, Code of Criminal Procedure, gives the court the right to allow the testimony, and we will not presume an abuse of discretion.

6. We think with the judge's explanation, the refusal of charge: "There is no evidence that defendant is a whoremonger," was not error. The bill as explained indicates that the reference to whoremongers was to witnesses, and was in response to an appeal to the jury by defendant's counsel to protect young men in defendant's condition.

7. We do not approve the statement attributed to the district attorney in the requested instruction referred to in proposition 6, to

the effect that he was endeavoring to enforce the *laws* and called on the jury to help him. Yet we cannot reverse cases for more breaches of propriety when there is nothing shown to indicate injury. The jury ought, of course, to try the particular case, and not allow sentiment to usurp in their minds the province of testimony.

8. Under the court's explanation there was no error in refusing to reprimand the district attorney for using the words: "Decker & Fires (defendant's attorneys), you put your arms around whoremongers and libertines, but you do not say protect innocent women."

9. The testimony regarding defendant's remarks relative to his engagement to prosecutrix was clearly admissible and relevant.

10. The exception to question put to prosecutrix "Would you have yielded if he had not promised to marry you?" is not shown to be well taken. From the bill we cannot tell whether witness had or not already testified as she did in answer to this question.

11. Bill 22 sets up refusal of charge to the effect that the burden of proof rests on the State and never shifts. Of course this is the law, in cases like this at least, but the charges on reasonable doubt and presumption of innocence were entirely sufficient to prevent the jury from erring in the matter, and the jury had been clearly told prosecutrix must be shown to have been a virgin and chaste. The Horn case, 30 Texas Crim. Rep., 541; 17 S. W. Rep., 1094, and Phillips v. State, 26 Texas Crim. App., 228, do not hold to the contrary. In both the evidence was circumstantial wholly.

Taking it all in all and after careful consideration of the statement of facts and examination of all the authorities cited by the very diligent counsel, as well as others, we find no such error in the proceedings or in the verdict and judgment as would justify a reversal.

In regard to the Simmons case, 54 Texas Crim. Rep., 619; 114 S. W. Rep., 841, referred to in argument of counsel upon the facts, we have to say that case is vastly different from this. While we do not in the least differ from the views therein expressed, we find no application for them to the facts of this case. Defendant was about twice the age of prosecutrix, a physician in apparent good standing and repute. His conduct in the unfortunate affair has not been explained except as by the State's testimony. He has been tried and passed upon by a jury free from exception; represented by able and diligent counsel. The court made no ruling that operated to his prejudice. There is nothing left to us but the affirmance of the judgment.

*Affirmed.*

McCORD, JUDGE, not sitting.

[Motion for rehearing withdrawn October 5, 1910. Reporter.]