### B. W. NUNNALLY v. THE STATE.

No. 6428. Decided November 2, 1921.

#### Transporting Intoxicating Liquors—Accomplice—Corroboration.

While the law does not require that corroboration of an accomplice be sufficient of itself to show guilt, yet inconclusive or immaterial matter which does not tend directly or immediately to connect or corroborate testimony which does not fill this measure is not sufficient. Following Frankling v. State, 53 Texas Crim. Rep., 388, and other cases, and the judgment must be reversed and the cause remanded.

Appeal from the District Court of Wharton. Tried below before the Honorable M. S. Munson.

Appeal from a conviction of unlawfully transporting intoxicating liquor; penalty, imprisonment in the penitentiary for one year.

The opinion states the case.

*W. L. Hall* and *Wander & Williamson,* for appellant.—On question of corroboration: Eddens v. State, 47 Texas Crim. Rep., 529, and cases cited in opinion.

*R. G. Storey,* Assistant Attorney General, for the State.

MORROW, PRESIDING JUDGE.—The conviction is for unlawfully transporting intoxicating liquors; punishment fixed at confinement in the penitentiary for one year.

The appellant introduced no evidence. The state relied upon two accomplices by the name of Brown. From their testimony, it appears that they and appellant were residents of Houston; that they desired to go to Kingsville, Texas, and search for work; that appellant offered them a seat in his automobile, a Velie car. In the car there was bedding packed; that at Kingsville, the Velie car became disabled and was

left in a garage; that appellant hired Baker, the owner of a Ford car, to transport him to Houston, and permitted the Browns to ride with him; that the bedding and articles that were in the Velie car were transferred to the Ford car, but not in the presence of either of the Browns; that the return trip was made at night, appellant and Baker alternately driving the car. At the town of Wharton, the Browns, Baker and appellant were arrested. At the time of the arrest, the Browns were in the car which was standing on one of the streets. The appellant and Baker were not in the car at the time. The two officers who made the arrest were informed by the Browns that their two companions had gotten out of the car and gone to a light plant to obtain some globes for the car. The officers remained near the car until the appellant and Baker were seen approaching from the light plant, and one of the officers went to them and arrested them.

Kemp, one of the officers, testified that when he arrested the two Brown boys, they were in the car in the back seat. In a few minutes the others came up; that he hardly had time to search the Browns when he saw the others coming from the light plant; that he held the ·Browns while Galbreath, his deputy, got the two others and brought them back.

It was shown that under the bedding and clothes in the car there were about one hundred bottles of intoxicating liquors. The Browns disclaimed any knowledge of the presence of this liquor, it being completely covered by the articles on top of them.

The court instructed the jury that the two Browns were accomplices and the legal question presented concerns the sufficiency of the corroborating evidence. The statute declares that conviction cannot be had upon the testimony of accomplices "unless corroborated by other evidence tending to connect the defendant with the offense committed, and the corroboration is not sufficient if it merely shows the commission of the offense." Code of Crim. Proc., Art. 801. Aside from the testimony of the accomplices, the circumstances reveal that an automobile was found upon the street and that in it were the two Browns, and no other persons; that under the bedding and clothes in the car there was a quantity of intoxicating liquors; that about the time the officers were through searching the Browns the appellant and Baker were seen approaching from the direction of the light plant. How and when the car reached Wharton, from whence it came, who drove it, who were its occupants; to whom its contents belonged; that appellant or Baker had ever been in it or had any connection with it, comes alone from the lips of the accomplices. From their declarations it appears that Baker owned the car and that he and appellant were in control of it, as well as in control of its contents, but aside from their declarations, we have the bare fact that the appellant and Baker were arrested by the officers at a time when they were walking on the streets of Wharton from the direction of

the light plant. They were in the vicinity of the automobile, but were not in it, nor in possession of it. On the contrary, the Browns had it.

The law does not require that corroborative evidence be sufficient of itself and without the aid of the accomplice testimony to show guilt, but if the jury believe the accomplice testimony to be true and it shows the commission of the offense and the guilt of the accused, then the corroboration is sufficient if it is to a material matter and tends directly and immediately to connect the accused with the commission of the offense. Wright v. State, 47 Texas Crim. Rep. 433; Huggins v. State, 85 Texas Crim. Rep. 208; Halbadier v. State, 87 Texas Crim. Rep. 130; Johnson v. State, 84 Texas Crim. Rep. 400; Branch's Ann. Texas Penal Code, 719 and cases listed.

Inconclusive or immaterial matter or matter which does not tend directly and immediately to connect or corroborate testimony which does not fill this measure is not sufficient. Buchanan v. State, 25 Texas Crim. App. 550 and note; Stone v. State, 98 Amer. State Rep. 169. The adequacy of the corroborating testimony depends largely upon the facts in each case. Criner v. State, 53 Texas Crim. Rep. 174; Briseno v. State, 60 Texas Crim. Rep. 98; Powell v. State, 15 Texas Crim. App. 441; Hanson v. State, 27 Texas Crim. App. 140; Bismark v. State, 45 Texas Crim. Rep. 54; Jenkins v. State, 55 S. W. Rep. 814; Maibaum v. State, 59 Texas Crim. Rep. 386; Lockhart v. State, 13 S. W. Rep. 993; Johnson v. State, 32 S. W. Rep. 1041; Price v. State, 58 S. W. Rep. 83; Franklin v. State, 53 Texas Crim. Rep. 388; Johnson v. State, 42 Texas Crim. Rep. 440.

The record in the instant case reveals that the accomplices testified that on their route they lost their way and stopped at a village and obtained directions from a resident therein. The testimony of this witness was available to the state, but was not used, nor its absence explained. His testimony would apparently have aided the state in giving the description of the automobile and the occupants thereof at the time he gave the directions. It would also have been of some use in showing the route taken. As the matter stands, the record is bare of any fact proven to corroborate the accomplices, save the fact that the appellant and Baker were arrested nearby. The circumstance is admissible, no doubt, but not of the cogency sufficient to meet the requirements of the statute, as construed by the courts, that the corroboration must tend directly to connect the accused with the commission of the offense. Deeming the corroborative evidence insufficient, we order that the judgment be reversed and the cause remanded.

*Reversed and remanded.*