## GIP WISDOM v. THE STATE.

### No. 2588.   Decided June 17, 1903.

**1.—Seduction—Indictment.**

An indictment for seduction is sufficient which charged that defendant "did then and there unlawfully seduce L. S., an unmarried woman, under the age of 25 years, and did then and there unlawfully obtain carnal knowledge of the said L. S. by means and in virtue of a promise of marriage to her, the said L. S., previously made by him." Henderson, Judge, dissents.

**2.—Same—Charge of Court.**

A charge of the court relative to seduction can not be complained of which, taken and considered in connection with the charge defining seduction, presents the law applicable to the facts.

**3.—Same.**

On a trial for seduction, a charge of the court was erroneous which told the jury that the prosecutrix could be corroborated "simply by such facts and circumstances as tend to support her testimony and satisfy you that she is worthy of credit." The facts and circumstances must be of such cogency as tend clearly to connect defendant with the commission of the crime and corroborate the testimony of prosecutrix.

Appeal from the District Court of Fannin. Tried below before Hon. Ben H. Denton.

Appeal from a conviction of seduction; penalty, five years imprisonment in the penitentiary.

No statement required.

Defendant filed a motion to quash the indictment and in arrest of judgment, which were overruled.

*F. P. Greever, R. B. Young,* and *Taylor & McGrady,* for appellant, as to the insufficiency of the indictment, cited: Penal Code, arts. 967, 968; Putman v. State, 29 Texas Crim. App., 454; Mrous v. State, 31 Texas Crim. Rep., 599; People v. Clark, 33 Mich., 112.

As to error in the charge of the court, they cited: Code Crim. Proc., art. 781, and notes; Willson's C. C. P.; Crowell v. State, 24 Texas Crim. App., 404; Stuckey v. State, 7 Texas Crim. App., 174; Jones v. State, 72 S. W. Rep., 845; Bell v. State, 47 S. W. Rep., 1010.

*Howard Martin,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of seduction, and his punishment assessed at confinement in the penitentiary for a term of five years.

Appellant insists that the court erred in overruling his motion to quash the indictment, because the same fails to allege that defendant did by promise to marry seduce the injured female, Lavonia Smith. Appellant further insists that, in order to constitute the offense of seduction as found by our statute, the following facts must be alleged: First, that defendant promised to marry the unmarried female under 25 years of age; second, that by virtue of or under such promise he

seduced her; third, that he had carnal knowledge of her. He contends that the indictment is fatally defective, in that it fails to allege that defendant seduced ' prosecutrix by a promise to marry. The charging part of the indictment is as follows: That appellant "did then and there unlawfully seduce Lavonia Smith, an unmarried woman under the age of 25 years, and the said Gip Wisdom did then and ' there unlawfully obtain carnal knowledge of the said Lavonia Smith by means and in virtue of a promise of marriage to her, the said Lavonia Smith, previously made by him, the said Gip Wisdom," etc. In our opinion, appellant's insistence is incorrect. The indictment follows the form prescribed in section 1686, White's Annotated Penal Code, and while it varies in one respect to form number 528 prescribed by Judge Willson, they are in substance the same. As appellant insists, the prosecutrix must be seduced by the promise of marriage, and after such seduction carnal knowledge must take place. In other words, if there are no arts, wiles or promises, except the mere fact that appellant told prosecutrix he would marry her, and after such contract, so to speak, secured carnal knowledge of her person, this would not be seduction. As held in Putman v. State, 29 Texas Crim. App., 454, appellant must seduce prosecutrix from the path of virtue, and then have carnal knowledge of her person. Now, we take it that the indictment charges both facts. It alleges that appellant did unlawfully seduce Lavonia Smith, and did unlawfully obtain carnal knowledge of said Lavonia Smith by means and in virtue of a promise to marry her, and under the allegations of the indictment, in order to accomplish the seduction and the carnal knowledge, he used the promise of marriage to secure both. Judge Willson's forms repeat the latter clause of the indictment, to wit "by means and in virtue of a promise of marriage to her," before the seducing clause and before the carnal knowledge clause. This makes it more explicit, but the method adopted in this indictment of stating the offense is susceptible of but one construction, to wit, that it alleges that both seduction and carnal knowledge were obtained by means and in virtue of a promise of marriage. And as appellant insists, these are the prerequisites of seduction. Accordingly we hold the indictment is sufficient.

Appellant insists that the court erred in giving the following portion of the charge: "If you believe from the evidence beyond a reasonable doubt that defendant, Gip Wisdom, did, in the county of Fannin and State of Texas, on or about the time charged in the indictment, and prior to the 23d day of August, 1901, have carnal knowledge of Lavonia Smith, and that at the time said Lavonia Smith was an unmarried female, under the age of 25 years, and that such carnal knowledge if any there was, was accomplished by defendant by means of a promise on his part to marry the said Lavonia Smith, made at the time of such illicit intercourse, if there was any, and that such promise, if any there was, of marriage was relied upon by her and induced the

said Lavonia Smith to submit to such intercourse with defendant, then you will find defendant guilty as charged in the indictment," etc. The objections urged are that the same does not require such intercourse must have been accomplished by any seductive means, as required by law, but only a blunt contract of marriage; and because it required the jury to convict defendant, no matter whether they believe that prosecutrix at the time of the alleged intercourse was a virtuous female. This charge must be considered in connection with the previous charge defining seduction, which is as follows: " 'Seduction' means to lead away a female from the path of virtue; to entice or persuade her by means of a promise of marriage to surrender her chastity, and have carnal intercourse with the man making such promise." And when so considered we take it that the charge presents the law applicable to the facts.

Appellant also complains of the following portion of the court's charge: "No conviction can be had on the testimony of Lavonia Smith, unless the same is corroborated by other evidence tending to connect defendant with the offense charged, and also corroborated by other evidence tending to show that defendant induced prosecutrix to have carnal intercourse with him by reason of his promise to marry her, if any promise was made; but the corroborative evidence need not be direct and positive, or such evidence as is sufficient to convict, independent of the testimony of Lavonia Smith, but simply such facts or circumstances as tend to support her testimony and satisfy you that she is worthy of credit." The latter clause, to wit, "but simply such facts or circumstances as tend to support her testimony and satisfy you that she is worthy of credit," is erroneous. Evidence might be introduced convincing the jury of the credibility of the witness, yet this would not corroborate her statement in such a way as tends to connect appellant with the commission of this crime. For instance, suppose testimony is introduced showing that prosecutrix has borne a uniformly good reputation for truth and veracity. Clearly this would strengthen the credit of the witness and render credible her testimony. But such evidence would not be sufficient to warrant a jury in saiyng that the same corroborated her testimony. In other words, the corroboration must be independent of the accomplice witness, since the law says she can not corroborate herself, and the evidence must be of such a character as shows with reasonable probability the testimony of the prosecutrix is corroborated. As stated in the charge of the court, it is not necessary to prove the crime independent of the accomplice, nor prove. it by positive evidence; but the facts or circumstances, as the case may be, must be of such cogency as tend clearly to connect defendant with the commission of the crime and corroborate the testimony of prosecutrix. In our opinion the court's charge is erroneous. The judgment is accordingly reversed and the cause remanded.

*Reversed and remanded.*

DISSENTING OPINION.

HENDERSON, JUDGE.—I agree with the majority of the court that this case should be reversed on the proposition announced, but I do not agree that the indictment is good. I understand the opinion to hold it is necessary that the indictment should follow the statute (Penal Code, art 967) and allege that the act of seduction as well as the act of carnal intercourse shall be obtained by a promise to marry. The indictment here alleges that appellant, Wisdom, did seduce the prosecutrix, and then in the succeeding clause proceeds to allege "and that he did then and there by means of a promise of marriage obtain carnal knowledge" of said prosecutrix, clearly showing, as it seems to me, that the promise of marriage relates solely to the act of carnal intercourse. I know of no precedent that would authorize the transposition of this allegation of promise of mariage so as to make it enter into and qualify a preceding clause in the indictment. It is true that the indictment here is in accord with the form laid down by Judge White, but it is not in accordance with the form prescribed by Judge Willson, nor in accordance with the statute. I therefore disagree with the majority of the court in holding the indictment is good.