WILLIE BISHOP v. THE STATE.

No. 1443.    Decided January 31, 1912.

Rehearing denied March 6, 1912.

**1.—Seduction—Evidence—Birth of Child.**

Upon trial of seduction, there was no error, under the facts of the case, in permitting the prosecuting witness to testify that she gave birth to a child on a certain day.

**2.—Same—Evidence—Other Acts of Sexual Intercourse.**

Upon trial of seduction, there was no error in permitting prosecutrix to testify to subsequent acts of sexual intercourse between her and defendant. Following Hinman v. State, 59 Texas Crim. Rep., 29.

**3.—Same—Evidence—Intimacy.**

Where, upon trial of seduction, the prosecutrix had already testified fully as to her association with the defendant, there was no error in permitting the State's counsel to ask her whether she had been associated with defendant like young people generally are.    Following Carter v. State, 59 Texas Crim. Rep., 73.

**4.—Same—Charge of Court—Corroboration—Statutes Construed.**

Where, upon trial of seduction, the court's charge on corroboration of prosecutrix's testimony did not require that the corroborative evidence be such that in addition thereto it tended to connect the defendant with the com-

mission of the offense, the same was reversible error under article 769, Code Criminal Procedure. Following Wisdom v. State, 45 Texas Crim. Rep., 215.

**5.—Same—Charge of Court—Want of Chastity.**

Where, upon trial of seduction, there were circumstances in evidence that raised the issue of unchastity of prosecutrix, the court should have submitted a charge thereon.

**6.—Same—Charge of Court—Accomplice—Corroboration.**

The statute requires that the corroborating testimony of the accomplice must tend to connect the defendant with the commission of the offense alleged. Following Oates v. State, 51 Texas Crim. Rep., 445, and other cases. Distinguishing Beeson v. State, 60 Texas Crim. Rep., 39.

Appeal from the District Court of Commanche. Tried below before the Hon. J. H. Arnold.

Appeal from a conviction of seduction; penalty, three years imprisonment in the penitentiary.

The State's testimony showed that defendant came to see prosecutrix often, living close to where she lived, making love to her and trying to kiss her, and that she associated with him like young people generally do; that they went to church together, etc., and finally became engaged to marry; that he gave her an engagement ring, and that they became more intimate thereafter; that there was a slight disagreement between them, but that they made up afterwards, and that he told her again that he would take her as soon as she got ready, and that they were engaged to get married at the time he first had sexual intercourse with her, and that this took place at her home at night somewhere along the 1st of January of the year in which her child was born; that he afterwards abandoned her; that she received several letters and postcards while they were engaged and during the courtship which were introduced in evidence, etc.

*Callaway & Callaway* and *J. R. Stubblefield,* for appellant.—On the question of corroboration of accomplice: Close v. State, 55 Texas Crim. Rep., 380, 117 S. W. Rep., 137; Hanks v. State, 55 Texas Crim. Rep., 405; Vantreese v. State, 59 Texas Crim. Rep., 281, 128 S. W. Rep., 383; Wisdom v. State, 45 Texas Crim. Rep., 215.

On question of want of chastity of prosecutrix: Simmons v. State, 54 Texas Crim. Rep., 619; Muhlhause v. State, 56 Texas Crim. Rep., 288, 119 S. W. Rep., 866; Vantreese v. State, 55 Texas Crim. Rep., 380, 128 S. W. Rep., 383; Sharp v. State, 61 Texas Crim. Rep., 247, 134 S. W. Rep., 133.

*C. E. Lane,* Assistant Attorney-General, and *J. R. McClellan,* for the State.—Cited cases in opinion.

HARPER, Judge.—Appellant was indicted by the grand jury, charged with the offense of seduction. The jury found him guilty and assessed his punishment at three years confinement in the State penitentiary.

1. In the first bill of exceptions appellant complains that the prosecuting witness was permitted to testify that a child was born unto her on the 30th day of August, 1910. There was no error in admitting this testimony under the facts of this case as testified to by the prosecuting witness. (Snodgrass v. State, 36 Texas Crim. Rep., 207.)

2. Neither did the court err in permitting the prosecuting witness to testify to subsequent acts of intercourse between her and appellant. (Hinman v. State, 59 Texas Crim. Rep., 29, 127 S. W. Rep., 221.)

3. There was no error, under the evidence in this case, in permitting the question: "Had you been associated with him (defendant) like young people generally are?" (Carter v. State, 59 Texas Crim. Rep., 73, 127 S. W. Rep., 215.) The qualification of this bill by the court, that the prosecuting witness on direct and cross-examination had fully detailed the extent of her association with appellant, would authorize the question, under the decisions of this court. These are all the bills of exception in the record, but in the motion for a new trial there are a number of complaints to the charge of the court and the failure to give special charges requested.

4. In the seventh ground of the motion for a new trial appellant complains of the following paragraph of the court's charge:

"You are, however, instructed that corroborative evidence need not be direct and positive independent of the prosecutrix, Miss Ethel Harrison's, testimony, but such facts and circumstances as tend to support her testimony and which satisfy the jury that she is worthy of credit as to the facts essential to constitute the offense of seduction as hereinbefore defined to you, will fulfill the requirements of the law as to corroboration, and it is for you to say from all the facts and circumstances in evidence before you whether she has been sufficiently corroborated."

The error assigned is that the charge authorized the conviction of defendant if the corroborative evidence was such as tended to support the testimony of the prosecuting witness and satisfied the jury that she was worthy of credit, and did not require that the corroborative evidence be such that in addition thereto it tended to connect the defendant with the commission of the offense. This criticism seems to be well founded, for article 769 of the Code of Criminal Procedure provides that no conviction shall be had upon the testimony of the alleged seduced person unless the same is corroborated by other evidence *tending to connect the defendant with the offense charged.* In Wisdom v. State, 45 Texas Crim. Rep., 215, 75 S. W. Rep., 22, a charge almost in terms like the one herein quoted is condemned, and it is held that the corroborative testimony must be such as not only to be convincing as to her credibility, but must also tend to connect the defendant with the commission of the offense, and the court should so instruct the jury.

5. Appellant also complains that the court erred in failing to charge the jury that if the prosecuting witness was unchaste at the time of the commission of the alleged offense, defendant would not be guilty, and erred in failing to give defendant's special charge presenting that issue. There is no positive testimony in the record that the alleged seduced female was lacking in chastity, but this may be shown by circumstances the same as the prosecuting witness can be corroborated by circumstantial evidence. A number of circumstances were proven by appellant that possibly raised this issue, and the court should have instructed the jury affirmatively that if at the date of the alleged seduction the injured female was unchaste and lacking in virtue the defendant would not be guilty.

We have carefully reviewed all the other assignments in the motion for a new trial and they present no error, but for the errors above pointed out this judgment is reversed and the cause is remanded.

*Reversed and remanded.*

ON REHEARING.

March 6, 1912.

HARPER, JUDGE.—This case was reversed and remanded on a former day of this term, and the State has filed a motion for rehearin, and cites us to the case of Beeson v. State, 60 Texas Crim. Rep., 39, 130 S. W. Rep., 1006, and calls our attention to the fact that the paragraph of the charge of the court on accomplice testimony is an exact copy of a similar paragraph contained in the Beeson case. The objection made to the charge in the Beeson case was that the paragraph *"was upon the weight of the testimony,"* and this court, in an opinion by Judge Cobb, held that objection not tenable, and properly so. In that case no objection was made that the charge did not require the corroborating testimony to be such as "tended to connect the defendant with the commission of the offense," and this court on appeal passed only on such objections as are preserved by bill of exceptions or in the motion for new trial. This is mandatory on us under article 723. In this case the specific objection is made that the charge was erroneous in that it authorized the conviction of defendant if the corroborative evidence was such as tended to support her testimony and which satisfied the jury she was worthy of credit as to the facts essential to constitute the offense of seduction, without also instructing them that the corroborative evidence must tend to connect defendant with the commission of the offense. In the Beeson case, cited by the State's attorney, it is said:

"It may be insisted that the court, in telling the jury that it was sufficient corroboration if facts or circumstances tended to support her testimony and satisfied them she was worthy of credit, limits the jury to the consideration of whether she was worthy of credit, and not whether there were shown by other witnesses such facts as had a tendency to show defendant guilty. If the charge bears that

construction, it is erroneous, though perhaps not upon the ground of being on the weight of evidence, but of substituting a test other than the statutory test for determining the matter of corroboration. The accomplice is not corroborated by proof that she is worthy of credit in general, or of good repute. Wisdom v. State, 45 Texas Crim. Rep., 215, 75 S. W., 22. The statute does not contemplate any kind of proof about or concerning her, but proof about the defendant and the crime. Some fact or circumstance, not coming from her, must attach to him and connect him with the crime testified of by her. He and not the accomplice is on trial. She—rather her testimony—must be corroborated. He must be connected with the offense by the same testimony that corroborates her; as to him to make out guilt, but as to her, as a witness, the corroboration proves nothing. It removes the impotency of her testimony, and permits a conviction if the jury believe her testimony and she has covered all the facts, not because there is corroboration merely, but also that corroboration has removed the bar between the jury's belief of her testimony and their conclusion and verdict of guilt."

The statute requires that the corroborating testimony, to be sufficient, must tend to connect the defendant with the commission of the offense alleged, and the charge of the court should so instruct the jury. See also Oates v. State, 51 Texas Crim. Rep., 449; Newman v. State, 55 Texas Crim. Rep., 376; Barrett v. State, 55 Texas Crim. Rep., 182, and Maibaum v. State, 59 Texas Crim. Rep., 386, 128 S. W. Rep., 378.

The motion for rehearing is overruled.

<em>Overruled.</em>