## WILLIE BISHOP v. STATE.

### No. 2056. Decided December 4; 1912.

**1.—Seduction—Want of Corroboration.**

Where the prosecutrix testified that she was called out on the gallery by the defendant in the presence of her father, mother, sister, and others, none of whom were called to corroborate this circumstance, and she testified that defendant induced her to yield upon a promise of marriage on said gallery, there was no corroboration of this circumstance.

**2.—Same—Accomplice—Letters.**

An accomplice cannot corroborate himself, and where, upon trial of seduction, the prosecutrix testified that certain letters in evidence were written by the defendant, but there was no corroboration that these letters were written by defendant, the court should have submitted a requested charge that the letters within themselves would not furnish the corroboration which the law requires to warrant a conviction. Following Smith v. State, 58 Tex. Crim. Rep., 106, 124 S. W. Rep., 919.

**3.—Same—Evidence—Reference to Former Conviction.**

Upon trial of seduction, it was improper to permit the district attorney, in cross-examination of the witness, to refer to a former trial and conviction of the defendant. Following Wyatt v. State, 58 Texas Crim. Rep., 115.

Appeal from the District Court of Comanche. Tried below before the Hon. J. H. Arnold.

Appeal from a conviction of seduction; penalty, three years imprisonment in the penitentiary.

The opinion states the case.

*Calloway & Calloway* and *J. R. Stubblefield,* for appellant.—On question of corroboration of letters: Smith v. State, 58 Tex. Crim. Rep., 106; 124 S. W. Rep., 919; Rogers v. State, 141 S. W. Rep., 491; Allen v. State, 19 Am. & Eng. Ann. Cases, 867; State v. McCaskey, 16 S. W. Rep., 511; 35 Cyc., p. 1364; Branch Criminal Law of Texas, sec. 735.

On question of corroboration: Murphy v. State, 65 Tex. Crim. Rep., 65; 143 S. W. Rep., 616; McLaurin v. State. 66 Tex. Crim. Rep., 251; 146 S. W. Rep., 557.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, Judge.—Appellant was prosecuted and convicted of the offense of seduction, and his punishment assessed at three years confinement in the State penitentiary. This is the second appeal in this case, the opinion of the court on the former appeal being reported in 65 Texas Crim. Rep., 484, 144 S. W. Rep., 278.

The testimony of the prosecuting witness, Miss Ethel Harrison, would support a verdict that appellant was guilty of seduction, if her testimony was corroborated as required by law. But one of the serious questions in the case, does the testimony corroborate her sufficiently, tending to connect the defendant with the commission of the offense? Miss Harrison testifies that the first act of intercourse took place at her father's residence just before Christmas. That she was in the room with her father, mother and sister, and Frank Brooks; that appellant came by and touched her shoulder and asked her to go out on the front gallery, when by his promises and assurances she was induced to yield her person to him. Neither the father, mother, sister, nor Frank Brooks were called to corroborate this circumstance. Had they been, or either of them, and had they corroborated her in her testimony that appellant was present on that occasion, and they went out on the gallery together, with the testimony of Miss Flora Roscoe, the testimony would be ample to support the conviction. Why the prosecuting attorney did not call the father, mother, sister nor Frank Brooks is not apparent of record, although the record discloses a portion of them were in attendance on court.

The prosecuting officers evidently relied on the letters said to have been written by appellant and introduced in evidence. Miss Harrison testified that the letters were written by appellant, and this rendered them admissible in evidence, but could they be used to corroborate her, when she alone testified they were written by appellant? Eliminate her testimony, and the letters go with it. If it was desired to use the letters as corroborative testimony, some evidence, other than that of Miss Harrison, should have been introduced tending to show that appellant wrote the letters. An accomplice can not corroborate herself, and no testimony she gives can be so used. If the State had introduced any testimony, other than that of Miss Harrison's, that the letters were written by appellant, or were in his handwriting, they might be corroborative of her testimony, but no such evidence was introduced and appellant asked a special charge which should have been given. The charge reads as follows:

"Should you find from the evidence that the prosecuting witness, Ethel Harrison, testified that she received from the defendant certain letters, which have been introduced in evidence before you, and you should further find that no other witness testified that the defendant wrote and mailed said letters and that the State must rely alone upon the testimony of said Ethel Harrison for the purpose of showing the

defendant wrote said letters then, and in that event you are instructed that said letters would not be sufficient within themselves and alone to corroborate the testimony of said Ethel Harrison and to warrant a conviction of the defendant. In other words, the law requires that the prosecuting witness Ethel Harrison shall be corroborated by other testimony than her own and by such testimony as tends to connect the defendant with the commission of the crime with which he is charged and if no other witness in the case testified that the defendant either wrote or mailed said letters than the said Ethel Harrison then and in such event the said letters within themselves and alone would not furnish the corroboration which the law requires in order to warrant a conviction of the defendant.''

This charge should have been given when the State offered no evidence other than that of Miss Harrison that appellant wrote the letters. She could not corroborate herself. Smith v. The State, 58 Tex. Crim. Rep., 106; 124 S. W. Rep., 919.

It is shown by bill of exceptions No. 1 that on cross-examination of the witness, Mrs. Vinie Stanfield, the district attorney asked her: ''You never came here to testify in this cause until you found out that the defendant had been convicted and sentenced to the penitentiary on a former trial?'' and on cross-examination of the witness John Chatman the district attorney asked this: ''You know that the defendant was convicted at a former trial in this court, and given a term of three years in the penitentiary?'' Such questions were highly improper and should not have been asked. (Wyatt v. The State, 58 Texas Crim. Rep., 115, and cases there cited.) The court excluded the testimony when his attention was called to it, but we call attention to this error that prosecuting attorneys may avoid it in the future.

We do not deem it necessary to discuss the other questions raised in the motion for new trial, but on account of the above errors the case must be reversed. Eliminate the letters and the corroboration is not sufficient to sustain the verdict, and these letters were only proven up by the testimony of the alleged seduced person, who in law was an accomplice.

Reversed and remanded.

*Reversed and remanded.*