### WILLIE BISHOP v. THE STATE.

#### No. 2696. Decided November 12, 1913.

**1.—Seduction—Evidence—General Reputation of Peaceable Character.**

Upon trial of seduction, where defendant tendered witnesses who would have testified that they knew him, knew his reputation in the community where he resided and that his reputation as a peaceable and law-abiding citizen was good, and the court sustained an objection by the State thereto, the same was reversible error. Following Jones v. State, 10 Texas Crim. App., 552, and other cases.

**2.—Same—Rule Stated—General Reputation—Intent.**

A defendant may prove his general good character when criminal intention is of the essence of the offense. Following House vs. State, 42 Texas Crim. Rep., 125, and other cases.

**3.—Same—Rule in Seduction Cases—Criminal Intent.**

The crime of seduction is based upon the theory that the defendant used the means and made the promise to accomplish the ruin of the girl with no intention of fulfilling his promise of marriage, and he may, therefore, if he so desires, put his reputation in issue.

**4.—Same—Evidence—Leading Questions.**

Where the witness was unlettered, unable to understand and reluctant in character, questions leading in their nature could be propounded.

**5.—Same—General Exceptions—Practice on Appeal.**

Where defendant groups a number of questions and answers and makes a general objection to all of them, some of which are not leading, the same can not be reviewed on appeal. Following Ortiz v. State, 68 Texas Crim. Rep., 524.

**6.—Same—Argument of Counsel—Vituperative and Abusive Language.**

Under no circumstances is a prosecuting officer justified in resorting to vituperative and abusive language, and this court may be called upon to reverse a case for that reason alone.

**7.—Same—Evidence—Bill of Exceptions.**

Where the evidence as qualified in the bill of exceptions was admissible, there was no error.

Appeal from the District Court of Comanche. Tried below before the Hon. J. H. Arnold.

Appeal from a conviction of seduction; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Calaway & Calaway* and *J. A. Stubblefield,* for appellant.—On question of general reputation as evidence: People v. Van Gaasbeck, 22 L. R. A., 651; Eddington v. U. S., 164 U. S., 361; 12 Cyc. 412, and cases cited in opinion.

On question of argument of counsel: Smith v. State, 55 Texas Crim. Rep., 563; Mckinley v. State, 52 id., 182; Davis v. State, 54 id., 236.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—This is the third appeal in this case, the opinions on the two former appeals being found reported in 68 Texas Crim. Rep., 557, 151 S. W. Rep., 821, and 65 Texas Crim. Rep., 484, 144 S. W. Rep., 278, and we deem it unnecessary to recite again the evidence, but merely refer to those opinions. In the first opinion the case was reversed on account of an error in the court's charge on corroboration of an accomplice; on the second appeal the case was reversed on account of the district attorney referring to the former conviction of appellant, and the failure of the court to give a special charge requested by appellant in regard to letters introduced in evidence, and which were proven up only by the accomplice, it being held that she could not corroborate herself. On this trial it seems the case must be reversed again.

The defendant, on the trial, tendered witnesses whom it is shown would have testified that they knew appellant; knew his reputation in the community where he resided, and that his reputation as a peaceable, law-abiding citizen was good. The State's objection to this testimony was sustained, and appellant reserved a proper bill of exceptions. The court, in approving the bill, states: "In explanation of the above bill I desire to say the defendant not having gone on the stand, and the State in no way attacked, his character in any respect, and being prohibited by law from so doing, the law making it a penal offense to seduce a woman under promise of marriage, I concluded that the particular trait of character involved the offense, to wit, morality or chastity, would be as far as the defendant would be permitted to go in proof and that he could not in such a case prove his general reputation as being law-abiding and peaceable, and this view is sustained in the case of Jones v. State, 10 Texas Crim. App., 552; Greenleaf on Evidence, 25; Underhill on Evidence (2nd edition), sec. 77, page 137-139; with this explanation bill is approved and will be made a part of the record." The authorities cited by the court we do not think sustain his ruling. Under the cases cited by him it is held that wherever criminal intent is an issue in the case, his general reputation as a law-abiding citizen is admissible, if the defendant desires to put his reputation in issue. A case of seduction proceeds upon the theory that by seductive wiles the man obtained the love of the woman; her trust and confidence, and he had entered into an engagement to marry her, leading her to believe that he intended to carry out the promise, yet, in fact had no such intention, was not sincere in his promise, and used the blandishment,

wiles and promise but to accomplish her ruin. That was his intention, and necessarily this would involve a criminal intent, and under all the authorities would render his general reputation as a law-abiding citizen admissible, if he desired to place it in issue. In Branch's Criminal Law the rule is said to be: "Defendant may prove his general good character when criminal intention is of the essence of the offense," citing Poyner v. State, 48 S. W. Rep., 516; House v. State, 42 Texas Crim. Rep., 128; Jones v. State, 10 Texas Crim. App., 552; Coffee v. State, 1 Texas Crim. App., 548; Lincecum v. State, 29 Texas Crim. App., 328; Lann v. State, 25 Texas Crim. App., 495; Lockhart v. State, 3 Texas Crim. App., 567.

It is true that in the section of Mr. Underhill on Evidence, cited by the court, it is held that in prosecutions for rape his general reputation as a law-abiding citizen is not admissible, but the inquiry should be restricted as to his reputation for chastity and morality, but this has never been the rule in this State. In the case of Jones v. State, 10 Texas Crim. App., 552, also cited by the court, this very question was involved, and this court held that in prosecutions for rape that evidence of general reputation as a law-abiding citizen was admissible, and that the court erred in excluding such testimony. The decision in the Jones case, supra, was followed in the case of Lincecum v. State, 29 Texas Crim. App., 328, and in all our decisions, and wherever criminal intention is the essence of the offense, such evidence has always been held admissible. And, as we have said, the crime of seduction is based upon the theory that the defendant used the means and made the promise to accomplish the ruin of the girl, with no intention of fulfilling his promise of marriage, this character of evidence comes clearly within the rule.

Appellant's bill as to the testimony of Miss Ethel Harrison, as qualified by the court, presents no error. The court stated the witness was unlettered and unable to understand and was a reluctant witness. Under such circumstances, questions leading in their nature may be propounded. Again, appellant groups a number of questions and answers, and makes a general objection to all of them. Some of the questions embraced were not leading, and this general exception would be insufficient to present any question for review. Ortiz v. State, 68 Texas Crim. Rep., 524, 151 S. W. Rep., 1056.

Bills of exceptions Nos. 1 and 2 were reserved to the argument of the district attorney. As to the remarks actually made there is some confusion, the bills as offered, not making it clear what language was in fact used by the district attorney, but the court in approving the two bills says: "I withdrew from the jury all vituperation and abuse used in argument." This would evidence that the district attorney was vituperative and abusive in his argument, and as this case must be reversed on other grounds, we take occasion to say that under no circumstances is a prosecuting officer justified in resorting to vituperative and abusive language, and if this practice is carried too far, we might feel called upon to reverse a case for that reason alone.

The two bills relating to the evidence of Lena Harrison and Mrs. Harrison, as qualified and explained by the court, present no error.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*