ODIS COTTRELL v. THE STATE.

No. 6588.  Decided February 22, 1922.

**1.—Incest—Continuance—Affidavit—Motion for New Trial.**

Where, upon appeal from a conviction of incest, the record showed that defendant filed an application for continuance and showed proper diligence and the materiality of the absent testimony, and it developed on the trial, during cross-examination of prosecutrix, that counsel asked for the written

contradictory statement which prosecutrix had previously made and the court refused to permit same, all of which was shown by the motion for new trial, the refusal to grant a new trial was reversible error. Following Eppison v. State, 82 Texas Crim. Rep., 369, and other cases.

### 2.—Same—Evidence—Other Acts of Intercourse—Election by State.

While it is the exception to the rule of admitting in evidence other acts of carnal intercourse, yet in the instant case where the cross-examination of the prosecutrix, had the effect of seriously contraverting her testimony, touching her relations with defendant, there was no error in admitting in evidence other acts of carnal intercourse; besides, there was no motion for the State to elect.

### 3.—Same—Accomplice—Corroboration—Charge of Court.

Where, upon trial of incest, the charge of the court was susceptible of the construction by the jury that though the declaration of the accomplice to third parties would not be corroborative of herself, yet her testimony that defendant had had previous sexual relations with her might be so used, the same was reversible error.

### 4.—Same—Other Acts of Sexual Intercourse—Rule Stated—Accomplice.

Under the rule that other acts of sexual intercourse may be introduced in a trial for incest, etc., and that such proof is pertinent to establish the offense charged, to be given legal weight for that purpose it is essential that proof of them should not rest alone upon the uncorroborated testimony of the prosecutrix whom the facts show to be an accomplice. Following Smith v. State, 58 Texas Crim. Rep., 106, and other cases.

### 5.—Same—Statement of Facts—Practice on Appeal.

Where some of the statement of facts was in question and answer form, but enough of it was in narrative form to enable the court to comprehend the record, the motion to strike out is overruled. However, statements of fact and bills of exception should be in narrative form. Following Jetty v. State, 90 Texas Crim. Rep., 346, and other cases.

Appeal from the District Court of Comanche. Tried below before the Honorable J. R. McClellan.

Appeal from a conviction of incest; penalty, seven years imprisonment in the penitentiary.

The opinion states the case.

*Goodson & Nabors,* for appellant.—On question of other acts of intercourse: Skidmore v. State, 123 S. W. Rep., 1129; Pridemore v. State, 129 S. W. Rep., 1112; and cases cited in opinion.

On question of affidavit of prosecutrix: Barbee v. State, 30 Texas Crim. App., 669; McGauhey v. State, 169 S. W. Rep., 289.

*R. G. Storey,* Assistant Attorney General, for the State.—On question of statement of facts: Mooney v. State, 73 Texas Crim. Rep., 122.

MORROW, Presiding Judge.—This is a case of incest; punishment fixed at confinement in the penitentiary for a period of seven years.

The act of intercourse relied upon is charged to have taken place in the fall of 1919.

The prosecutrix testified to many prior acts. At the time of the trial, she was seventeen years of age; and the familiarity, according to her testimony, had continued for several years.

Upon information given by her, another relative, Jess Stagner, was arrested. On cross-examination she was asked if she had not made a written statement to the effect that Stagner, and no other, had had intercourse with her. She admitted having made the statement, but declared that she had not stated therein that he was the only man with whom she had had intercourse. She said that the written statement was given to the county attorney but was not sworn to. She also admitted that before the grand jury she had testified to the act of intercourse with Stagner and that she told her grandmother and various others, including Mrs. Augusta Moore, that Stagner was the father of her child, but denied saying that he was the only person with whom she had had sexual relations. She said that she refrained from telling her grandmother about it because she did not like to tell her that the man who had ruined her was her grandmothers son.

Appellant, according to the testimony, seems to have been a young man about twenty-two years of age, and Stagner, who was a cousin of the prosecutrix, was about twenty-eight years old.

During the cross-examination of the prosecutrix, the counsel for the appellant asked to be put in possession of the written statement which the prosecutrix had made. The court ruled: "For the present I will hold that you are not entitled to the statement, if same was made." For corroboration of the prosecutrix, reliance was had upon the testimony of Stagner, who came to the court house from the jail and testified that on a certain date in the fall of 1919, he had seen the appellant and prosecutrix under circumstances warranting the inference that they had been engaged in sexual intercourse.

Application for continance was made to secure the testimony of Mrs. Augusta Moore. The application complies with all statutory requirements. It was the first application and showed diligence complying with the requirements of the law. By her testimony, appellant expected to prove that the prosecutrix had said to her that Jess Stagner was the cause of her pregnancy; that she had not had sexual intercourse with any other; also that on a certain occasion in the fall of 1920, she had seen Jess Stagner in the room of the prosecutrix at night-time under circumstances indicating that they were about to have sexual relations.

After the verdict, the county attorney put into possession of the counsel for appellant the affidavit of the prosecutrix, which we copy.

"Office of E. C. Barton, Justice of the Peace, Precinct No. 2, Pilot Point, Texas, ..................................... 191.....

State of Texas, County of Denton.

In the Matter of Inquiry as to betrayal of Floy Cottrell.

On this day on the investigation of the matter of the betrayal and seduction of Floy Cottrell of Comanche County, the said Floy Cottrell, after being by me duly sworn, deposes and says that while at home at her grandfathers she was seduced by J. J. Stagner and that she became pregnant from having carnal intercourse with him, the said Stagner. That she, the said Floy Cottrell, further says that she has never had carnal intercourse with any other person than the said J. J. Stagner. This occurred in April or May, 1920.

Floy Cottrell.

Subscribed and sworn to before me this 21st day of January, A. D., 1921.

E. C. Barton,<br>Justice of the Peace, Denton County<br>Texas, Ex officio Notary Public."

Appellant advances the proposition that inasmch as he was unable to obtain this paper during the trial notwithstanding it was in possession of State's counsel, the court ruling that he was not entitled to it, it is now in the nature of newly discovered evidence. It appears analogous to an instance in which the witness present at the trial suppresses testimony but which he afterwards divulges. In the matter of diligence to procure the statement, there occurs to us no laches upon the part of the appellant. Gainer v. State, 89 Texas Crim. Rep., 538; 232 S. W. Rep. 830, and cases cited.

While the statement is in the nature of impeaching testimony, it not only tends to discredit the prosecuting witness but the nature of it is such that, considered in connection with her testimony and the facts in the case, the conclusion cannot, in our judgment, be escaped that it was contradictory to her testimony as to the main fact—that of appellant's relations with her—to a degree that renders it of more importance than mere impeaching testimony. Reed v. State, 27 Texas Crim. App., 317; Stewart v. State, 52 Texas Crim. Rep., 100; Piper v. State, 57 Texas Crim. Rep., 606; Eppison v. State, 82 Texas Crim. Rep. 369. It was upon the testimony of Floy Cottrell, the prosecutrix, and that of Jess Stagner, who testified that he had intercourse with her, that the State relied for a conviction. Her statement, under oath, if true, exculpated the appellant, and was contradictory of her present testimony, and would have been of value in appellant's endeavor to elicit from the prosecutrix an admission consistent with his theory of innocence. In this character of case, the importance given to such contradictory statement is indicated in the case of Blair v. State, 56 S. W. Rep., 622, in which the court refused to sustain the conviction for rape where the testimony of the

prosecutrix, in different parts of the record, was directly contradictory. She, in one instance, testified to facts showing rape, and in another to a contradictory condition. The written statement, as well as the testimony of the absent witness, Mrs. Augusta Moore, will be available on another trial; and the court, in our opinion, on account of them, should have granted appellant's motion for new trial.

The indictment was presented on the 29th of April, 1921. It charged that the offense was committed on the 15th of September, 1919. There is complaint made of the introduction in evidence of other acts of intercourse, particularly those subseqent to the date named in the indictment. It being competent for the State to prove that the offense took place at any time anterior to the presentment of the indictment and within the period of limitation, it could not be said that there was evidence of subsequent acts of intercourse. We understand that there were none proved subsequent to the indictment or any acts prior thereto within the period of limitation upon which the State might not have elected to found the prosecution. It, moreover, had the privilege of making inquiry into the facts to enable it to intelligently determine upon which act of intercourse it would rely. Crosslin v. State, 90 Texas Crim. Rep., 467, 235 S. W. Rep., 905. There was no request for an election, and no complaint that in the exercise of the privilege mentioned the court went beyond proper bounds. It is true that in not all cases of this character are other acts of intercourse admissible. Wingo v. State, 89 Texas Crim. Rep., 162, 229 S. W. Rep., 860, and cases therein cited. As a general rule, however, they are admissible. They constitute an exception to the rule excluding evidence of other crime. Underhill on Crim. Evidence, Sec. 92. In this case, the cross-examination of the prosecutrix had the effect of seriously controverting her testimony touching her relations with the appellant, and in our judgment, there is no reversible error shown in the receipt of evidence of other offenses of like character.

In the charge to the jury on the subject of corroboration, we find this statement: "You are further charged that an accomplice cannot corroborate herself by statements and declarations made to other parties."

There was evidence that she had made declarations accusing the appellant.

In another paragraph of the charge, information was given the jury that the State had elected to found its prosecution upon the alleged act of intercourse taking place in the fall of 1919, and that they could convict him upon no other act; that evidence of other acts "was not introduced before you as a basis for conviction of such other offense, if any, and you will consider such evidence for no other purpose except to prove his motive and intent, or in so far as it tends to prove, if it does so tend to prove, the accused guilty of the act of intercourse with the witness, Floy Cottrell, in the crib of the fall of 1919, if you find any such act occurred, if it does so prove or tend to

prove, and you will consider such evidence for no other purpose.''
In view of another trial, we will state that our conception of the proper use to be made of evidence of other acts of intercourse in this character of prosecution is not quite in harmony with that expressed in the charge. The general rule of evidence excludes proof of other crimes committed by the accused on trial. There are several exceptions to this rule, and one of them relates to sexual crimes. From a text-writer, we quote.

''Crimes ` involving illicit sexual intercourse either in incest, adultery or rape constitute another exception to the general rule.

In all such cases the mutual relations and the disposition of the parties towards one another are relevant upon the question, did they have illicit intercourse? And, it is a very fair inference that the accused was guilty of the crime alleged, if it affirmatively appears that he had committed acts of adultery or incest with the same person on prior occasions.'' (Underhill on Crim. Evidence, 2nd Ed., Sec. 92.)

Under this rule, if there was proof of previous acts of intercourse by the appellant with the prosecutrix, such proof would be pertinent to establish the offense charged, but to be given any legal weight for that purpose, it was essential that proof of them should not rest alone upon the uncorroborated testimony of the prosecutrix who was, in this instance, an accomplice. The statute forbidding the conviction of one upon the uncorroborated testimony of an accomplice inhibits the corroboration of the accomplice by his own testimony. Bishop v. State, 68 Texas Crim. Rep. 559, 151 S. W. Rep., 821; Smith v. State, 58 Texas Crim. Rep., 106.

The charge may be susceptible of the construction by the jury that though the declarations of the accomplice to third parties could not be corroboration of herself, her testimony that appellant had had previous sexual relations with her might be so used. Upon another trial, if there is evidence of other offenses, the suggestion is made that the charge be so framed that it may not be so interpreted.

Some of the statements of facts is in question and answer form. We find a motion by the State to strike it out. We do not grant the motion because there is enough of it in narrative form to enable us to comprehend the record. The law contemplates that a statement of facts and bill of exceptions shall be in narrative form. Jetty v. State, 90 Texas Crim. Rep., 346, 235 S. W. Rep., 589; Huey v. State, 90 Texas Crim. Rep., 400; 235 S. W. Rep., 887, No. 6521, not yet reported.

For the reasons pointed out, the judgment is reversed and the cause remanded.

`. *Reversed and remanded.*