**UNITED STATES of America, Appellee,**

v.

**Victor ANGELINI, Defendant, Appellant.**

**No. 81–1720.**

United States Court of Appeals,
First Circuit.

Argued April 5, 1982.

Decided May 24, 1982.

Michael F. Natola, Everett, Mass., with whom Alfred Paul Farese, Everett, Mass., was on brief, for appellant.

Janis H. Kockritz, Atty., Dept. of Justice, Washington, D. C., with whom William F. Weld, U. S. Atty., Boston, Mass., and Ernest S. DiNisco, Sp. Atty., Dept. of Justice, Roxbury, Mass., were on brief, for appellee.

Before COFFIN, Chief Judge, FAIRCHILD,* Senior Circuit Judge, and CAMPBELL, Circuit Judge.

* Of the Seventh Circuit, sitting by designation.

LEVIN H. CAMPBELL, Circuit Judge.

Victor Angelini was convicted after a jury trial of possessing with intent to distribute and distributing methaqualone, a controlled substance, in violation of 21 U.S.C. § 841(a)(2), 18 U.S.C. § 2. The evidence presented against him at trial consisted primarily of the testimony of Drug Enforcement Administration Special Agent Keefe. Agent Keefe testified that, while working undercover, he met with one Samuel Jacobs on October 7, 1980, at which time Jacobs informed him of a new drug source from Florida. Jacobs arranged for Keefe to meet the source on October 14. Angelini was introduced as the drug source at this meeting. According to Keefe, Angelini stated that he could obtain various drugs. Angelini also asked Keefe about a small sample of drugs he, Angelini, had given Jacobs. Angelini went on to quote a price for shipments of the drugs.

The defense consisted chiefly of Angelini's denials of what Keefe said transpired at the October 14 meeting. He said that he was not involved in drugs and that while the general subject of drugs may have come up at the meeting, he did not engage in any criminal activity. Angelini's wife also testified on his behalf that he was not involved in drug trafficking.

Angelini sought to introduce evidence through three character witnesses that he was law-abiding and truthful. The district court refused to allow the witnesses to take the stand on the basis that law-abidingness was not relevant to the case; no explicit distinct explanation was given as to the basis of the ruling with respect to truthfulness. On appeal, Angelini asserts that these rulings were in error. While we do not believe it was error for the district court to have excluded the evidence concerning truthfulness, see note 1, infra, we hold that the court erred in excluding evidence concerning Angelini's character as a law-abiding person.

■ Federal Rule of Evidence 404(a) states that an accused may introduce "[e]vidence of a pertinent trait of his character." The word "pertinent" is read as synony-

mous with "relevant." *United States v. Staggs*, 553 F.2d 1073, 1075 (7th Cir. 1977); 22 Wright & Graham, *Federal Practice and Procedure: Evidence* § 5236, at 383 (1978). Thus, the basic issue is whether the character trait in question would make any fact "of consequence to the determination" of the case more or less probable than it would be without evidence of the trait. *See* Fed. R.Evid. 401; *United States v. Staggs*, 553 F.2d 1073.

■ Under this analysis, evidence of law-abidingness should have been admitted. Evidence that Angelini was a law-abiding person would tend to make it less likely that he would knowingly break the law. Such evidence has long been recognized as relevant. *See* 1 Wigmore, *Evidence* § 55 (Chadbourne rev. 1972). In *Michelson v. United States*, 335 U.S. 469, 69 S.Ct. 213, 93 L.Ed. 168 (1948), the Supreme Court stated that "[p]ossession of . . . characteristics [including law-abidingness] would seem . . . incompatible with offering a bribe to a revenue agent," which was the crime charged. *Id.*, at 483, 69 S.Ct. at 222. Similarly, in *State v. Padgett*, 93 W.Va. 623, 117 S.E. 493, 495 (1923), the court stated

A law-abiding trait of character would tend to negative indulgence in the propensity of making moonshine liquor, and that was the nature of the inquiry attempted to be made.

The observations made in these cases apply with equal force to the drug offenses charged here.

In a case directly on point, *United States v. Hewitt*, 634 F.2d 277 (5th Cir. 1981), the Fifth Circuit held that evidence of a defendant's law-abiding character was erroneously excluded in a trial for unlawful possession or receipt of firearms. In the course of its analysis, the court stressed the relevancy of such evidence. *Id.*, at 279. As it noted, however, this inquiry does not end the matter. While the *Hewitt* court went on to ask whether law-abidingness is a "specific" or a "general" trait of character, we think the issue may be better framed as whether it qualifies as a trait at all, or is so diffuse as to be merely synonymous with good character generally, which is not ad-

missible. Rule 404 permits evidence of traits only; an earlier draft was modified, deleting language that would have allowed the introduction of evidence of a defendant's character generally. *See* Advisory Committee's Note to Rule 404; Proposed Federal Rules of Evidence 4–04(a)(1), 46 F.R.D. 161, 227 (1969). Under the common law, there was a similar distinction made between general good character and particular traits of character. *See* McCormick, *Evidence* § 191, at 455 (2d ed. 1972); 1 Wigmore, *Evidence* § 59, at 458; 22 Wright & Graham, *Federal Practice and Procedure: Evidence* § 5236, at 382. Since Rule 404 was intended to restate the common law rule, 2 Weinstein & Berger, *Evidence* ¶ 404[05] (1981), it is useful to examine the cases to determine whether evidence of law-abidingness was normally held to be admissible.

With very few exceptions, the cases hold that evidence of a defendant's character as a law-abiding person is admissible. *See, e.g., State v. Padgett*, 93 W.Va. 623, 117 S.E. 493; *State v. Quinn*, 344 Mo. 1072, 130 S.W.2d 511 (1939); *Bishop v. State*, 72 Tex. Crim. 1, 160 S.W. 705 (1913); *Livingston v. State*, 589 S.W.2d 395 (Tex.Crim.1979); *State v. Ervin*, 22 Utah 2d 216, 451 P.2d 372 (1969); *Finnie v. State*, 264 Ark. 638, 593 S.W.2d 32 (1980). *See also, e.g., United States v. Jalbert*, 504 F.2d 892, 895 (1st Cir. 1974) ("character evidence is admissible . . . to show a party's general renown for honesty and lawfulness"); *Commonwealth v. Nagle*, 157 Mass. 554, 32 N.E. 861, 862 (1893) ("unwillingness to commit crimes generally" apparently assumed a proper subject for character evidence). The only case we have found squarely stating that evidence of

law-abidingness is generally inadmissible is *Chung Sing v. United States*, 4 Ariz. 217, 36 P. 205 (1894), but there is very little discussion of the issue. There is no indication of a general common law rule against the admissibility of evidence of law-abidingness (as distinguished from good character generally which, as noted, was usually held inadmissible).

■ We hold, therefore, that the trait of law-abidingness was relevant and admissible under Rule 404(a). We cannot say that the exclusion of this evidence was harmless error. *Cf. Michelson v. United States*, 335 U.S. at 476, 69 S.Ct. at 218 (evidence of good character may in itself raise a reasonable doubt as to defendant's guilt). We therefore remand for a new trial.[1]

*Vacated and remanded.*

---

1. As guidance for the district court on retrial, we note our rejection of Angelini's argument that he should have been permitted to introduce evidence of his character for truthfulness. If not pertinent to the crime charged—and Angelini does not argue that it is—such evidence is admissible "only after the character of the witness for truthfulness has been attacked by opinion or reputation evidence or otherwise." Fed.R.Evid. 608(a). The mere fact that an accused takes the stand does not give him the right to present character evidence supporting his veracity. *United States v. Jackson*, 588 F.2d 1046, 1055 (5th Cir.), *cert. denied*, 442 U.S.

941, 99 S.Ct. 2882, 61 L.Ed.2d 310 (1979). Nor does contradiction of a witness, even the accused, necessarily require the admission of proffered evidence for truthfulness. *Id.* The cross-examination of Angelini conducted here could hardly be characterized as so "slashing," McCormick, *Evidence* § 49, at 104, as to constitute an attack on credibility under Rule 608. While the retrial may take a different course, necessitating a different approach by the presiding judge, we see no error in the exclusion of the evidence under the circumstances which obtained at the trial now under consideration.