UNITED STATES of America

v.

Samuel L. MORISON.

Crim. No. Y–84–00455.

United States District Court,
D. Maryland.

Nov. 29, 1985.

Catherine C. Blake, U.S. Atty., Michael Schatzow, and John G. Douglass, Asst. U.S. Attys., Baltimore, Md., for plaintiff.

Jacob A. Stein, Robert F. Muse, Rockville, Md., Armistead P. Rood, and Mark H. Lynch, Washington, D.C., for defendant.

## MEMORANDUM

JOSEPH H. YOUNG, District Judge.

On October 9, 1985, the second day of trial in the case of *United States v. Morison*, Y–84–0455, the government moved to exclude testimony which relates to the patriotism of defendant. The testimony was given in the form of depositions which were taken before trial and which are to be presented to the jury on videotape. Transcripts of the testimony of the two witnesses, Sidney Jackson and Derek Wood, were provided to the Court prior to the motion. In support of their motion, government argued that patriotism does not relate to any issue in this case. In contrast, defense asserted that patriotism is a character trait which is pertinent to the issue of whether defendant intended to release a document or photograph that was potentially damaging to the national defense, and that this is a central issue in this case. This Court ruled orally on October 9, 1985, that the evidence of patriotism is irrelevant but that it would be willing to further consider the issue upon submission of briefs on the issue. On the morning of October 10, 1985, defense submitted a memorandum of law relating to the admissibility of character testimony. The Court reconsidered arguments in the memorandum and brief additional oral arguments presented on October 10, 1985, and affirms its prior determination for the reasons stated herein.

The standard for admissibility of character evidence is set out in Rule 404 of the Federal Rules of Evidence. Under this rule, evidence of the defendant's character is not admissible for the purposes of proving that he did not do a specific act, except when the evidence is of a "pertinent trait of his character." Fed.R.Evid. 404(a)(1). "Pertinence," for the purposes of this rule, has been construed to be synonymous with relevance. *United States v. Angelini*, 678 F.2d 380 (1st Cir.1982); *United States v. Staggs*, 553 F.2d 1073 (7th Cir.1977).

Where the characteristic is relevant, the evidence should be admitted. *United States v. Staggs*, 553 F.2d at 1075. Relevance can only be determined with close attention to the government's burden of proof and the scope of the issues in this case.

Under 18 U.S.C. § 793(d) and (e), the government must show that the defendant wilfully transmitted photographs relating to the national defense to a person not entitled to receive them (Count I), and that he wilfully retained documents and failed to deliver them on demand to the officer or employee of the United States entitled to receive them (Count 3). These are the counts to which defendant relates evidence of patriotism. No showing of an evil purpose is required under this statute. Instead, the government must prove wilfullness, which requires a showing that the defendant did the prohibited acts deliberately and with a specific purpose to do that which was prohibited. *United States v. Morison*, 604 F.Supp. 655 (1985). Proof of the most laudable motives, or any motive at all, is irrelevant under this statute.

At this point in the trial, there is no question that the defendant did deliver the photographs to "Jane's Defense Weekly" and did retain the documents in his home. Defendant is not contesting these points and has demonstrated his willingness to concede them by waiving his right to have an oral admission suppressed. Thus the remaining issues are the defendant's access to the photographs and/or documents, the "wilfulness" of the act, and the photographs' and/or documents relation to national defense. Patriotism is clearly irrelevant to issues of both access and relation of the documents to the national defense. National defense is not a subjective test; it does not matter whether the defendant himself believed that the photographs and/or documents did indeed relate to the national defense. It is purely an objective test, and one for the jury to decide after considering all of the evidence.

As explained in the opening jury instructions, there are two elements to the definition of "relating to the national defense." The first element is that disclosure of the photograph and/or document would be potentially damaging to the United States, or might be useful to an enemy of the United States; the second is that those same items are "closely held" in that the relevant government agency has sought to keep them from the public generally and that these items have not been made public and are not available to the general public. Defendant's patriotism or lack of patriotism has no bearing on any element of this issue.

The defense argues that patriotism is relevant to the issue of wilfulness because wilfulness requires a showing of evil intent or bad motive. Defendant asserts that the government must not only show that the defendant intentionally transmitted the specified items, but also that he intentionally transmitted the specified items in order to potentially damage the national defense. In arriving at this interpretation, the defense has incorrectly read the statute, which states that the defendant having access to items or information relating to the national defense is guilty of a crime if he "willfully communicates, delivers, transmits...or willfully retains and fails to deliver..." those items or information. 18 U.S.C. § 793(d) and (e). The governments must show a bad purpose to break the law by delivering or retaining the items, but a showing of an underlying *purpose* to damage the national defense is entirely unnecessary and irrelevant. Once again, the defendant is trying to inject a non-existent subjective element into the statute. It is irrelevant whether the defendant personally believed that the items related to the national defense, and his underlying motive is equally irrelevant. A showing of wilfulness only requires that he knew he was doing something that was prohibited by law.

It is also worthwhile to note, for the purpose of clarity, that the first half of both parts (d) and (e) of 18 U.S.C. § 793 defines the types of items and or information which is unlawful to either retain or

transmit. It defines all types of tangibles: "any document, writing, code book, signal book, sketch, photograph, photographic negative, blueprint, plan, map, model, instrument, appliance, or note relating to the national defense," and also describes intangibles: "information relating to the national defense which information the possessor has reason to believe could be used to the injury of the United States or to the advantage of any foreign nation." The language "has reason to believe" does not create a subjective test for the entire statute and does not change or modify the meaning of wilfulness. Instead, it modifies and explains what type of information is included within the statute's scope.

For these reasons, evidence of the defendant's patriotism is irrelevant to the issues raised in 18 U.S.C. § 793(d) and (e), and differs from the cases cited by defendant in which a variety of personality traits were held to be relevant to the issues at hand. Thus this Court's original ruling on the government's motion to exclude testimony which relates to the character trait of patriotism has been reconsidered and is affirmed.