**UNITED STATES of America,**
**Plaintiff,**

v.

**Jesus MARTINEZ–GIL, Defendant.**

**Criminal No. 13–379 (FAB).**

United States District Court,
D. Puerto Rico.

Jan. 10, 2014.

Carlos R. Cardona–Torres, United States Attorneys Office, Kelley L. Tiffany, San Juan, PR, for Plaintiff.

Giovanni Jose Canino–Sanchez, Hector E. Guzman–Silva, Federal Public Defender's Office, Hato Rey, PR, for Defendant.

## MEMORANDUM AND ORDER

BESOSA, District Judge.

Before the Court are Jesus Manuel Martinez–Gil's motion for a continuance and approval to take consular depositions, and the United States's opposition. (Docket Nos. 119[1] & 129.) For the reasons stated below, Martinez's motion is **DENIED.**

## I. Background

Martinez and three of his co-defendants are Venezuelan nationals who were charged on July 3, 2013 with violations of the Maritime Drug Law Enforcement Act ("MDLEA"). On November 1, 2013, the United States and four defendants, including Martinez, filed a joint motion to continue the trial date in order to "allow the defendants to prepare their defense," and "enable the United States the time necessary to coordinate and ensure the availability and presence of its law enforcement witnesses, many of whom the United States will need to call back from deployments abroad and ensure availability of one of its experts traveling from outside the jurisdiction. . . ." (Docket No. 76.) The Court granted the motion and set the trial for Monday, January 13, 2014. (Docket No. 77.)

On January 8, 2014, Martinez moved for a continuance of more than thirty days in order to conduct consular depositions of witnesses residing in Venezuela. (Docket No. 119.) Martinez seeks to present evidence of his character and reputation as a law-abiding person pursuant to Federal Rules of Evidence 404(a)(2)(A) and 405. That evidence would be offered through the testimony of Vicente Abelardo Marin–Gonzalez, president of the *Federación de Pescadores Artesanales de Altura del Estado de Sucre* in Venezuela. Martinez contends that Mr. Marin's testimony can only be secured through a consular deposition pursuant to 22 U.S.C. §§ 4215 and 4221 because subpoena power does not extend to non-United States citizens abroad. *See* 28 U.S.C. § 1783. Further, though defense counsel had previously discussed the "remote" possibility of Mr. Marin and four other community members voluntarily appearing for Martinez's trial, "as anticipated" these witnesses are unable to travel to Puerto Rico for the trial. (Docket No. 119 at ¶ 9.) Due to the witnesses' unavailability, defense counsel now seeks (1) approval from the Court to proceed with consular depositions of Mr. Marin and other community members, (2) funding for the depositions pursuant to the Criminal Justice Act, (3) a thirty day period in which to obtain the depositions, and (4) a new trial date beyond those thirty days. (Docket No. 119.)

The United States opposes Martinez's requests as untimely, and represents that

---

**1.** Despite defense counsel's representations that three co-defendants would be joining this motion (Docket No. 119 at ¶ 4 n. 1), no motions for joinder have been received as of the time of this memorandum and order.

it has coordinated the appearance of its witnesses and is ready for trial on January 13, 2014. (Docket No. 129.)

## II. Discussion

■ The Court recognizes that the defendant has a right to present defense witnesses, and that testimony regarding his law-abidingness likely would be both relevant and admissible at trial pursuant to Federal Rule of Evidence 404(a). *United States v. Angelini*, 678 F.2d 380, 382 (1st Cir.1982). Trial management, including the decision to grant or deny a request for a continuance, however, is distinctly within the Court's purview. *See United States v. Saccoccia*, 58 F.3d 754, 770 (1st Cir.1995) (stating that a district court has "broad discretion to grant or withhold continuances."). In determining whether to grant or deny a continuance, the Court considers factors such as the reasons presented in support of the request, the amount of time actually available for trial preparation, how assiduously the movant used that time, the extent to which the movant has contributed to his need for additional time, the extent of inconvenience to others, and the likelihood of injustice or unfair prejudice attributable to a denial of a continuance. *United States v. Rodriguez–Duran*, 507 F.3d 749, 763 (1st Cir.2007); *United States v. Rodriguez–Marrero*, 390 F.3d 1, 22 (1st Cir.2004); *United States v. Orlando–Figueroa*, 229 F.3d 33, 40 (1st Cir.2000). The Court's discretion to grant or deny continuances is of course "limited by the defendant['s] constitutional rights to effective assistance of counsel and to the testimony of defense witnesses." *Orlando–Figueroa*, 229 F.3d at 39–40.

■ Here, the Court finds that the timing and nature of the defendant's requests do not warrant a continuance. Defendant's motion was filed just days before the scheduled trial date, which had been set for over two months and was over six months from the date of indictment. A two-month continuance was previously granted by the Court precisely to allow the defense additional time to prepare, among other reasons. Defense counsel does not account for its efforts to obtain the testimony of the witnesses sought by other, timely means, and therefore offers no explanation for the lateness of his request for additional time. To the contrary, defense counsel concedes that the possibility of the witnesses voluntarily appearing at trial was "remote," and characterizes their inability to travel to Puerto Rico as "anticipated." (Docket No. 119 at ¶ 9.) As defense counsel has had sufficient time to prepare his defense, the Court does not find sufficient reason to further prolong this case and inconvenience the parties and out-of-jurisdiction witnesses prepared to proceed on schedule. *See Reiss v. United States*, 324 F.2d 680, 682 (1st Cir.1963) (affirming the trial court's denial of a request for a continuance where a defense witness became unavailable ten days before trial.) The Court **DENIES** Martinez's motion for a continuance. Accordingly, Martinez's requests for approval to conduct consular depositions and funding for them are **MOOT**.

## III. Conclusion

For the above-stated reasons, the Court **DENIES** Martinez's motion. Trial remains set for January 13, 2014 at 9:00 a.m.

**IT IS SO ORDERED.**